BENJAMIN J. BUTLER, PLAINTIFF IN ERROR, VS. THE
STATE OF FLORIDA, DEFENDANT IN ERROR.

CRIMINAL LAW—WHAT PROOF OF OWNERSHIP BY CORPORATION SUF-
FICIENT IN LARCENY—REPETITION OF INSTRUCTIONS.

1. Where an indictment for receiving stolen goods alleges the owner-
ship of the stolen goods to be in an incorporated company
therein named, it is unnecessary to prove the technical legality
of the incorporation of such company. The indictment in such
cases is sufficient if it alleges simply that the owner is a corpo-
ration, and the proof to sustain such allegation is sufficient if
it shows that the alleged corporate owner is a corporation de-
facto, actually doing business as such.

2. It is not error for the court to refuse an instruction that has already
been given in substance, although such refused instruction an-
nounces the law correctly.

Writ of Error to the Circuit Court for Duval county.

The facts of the case are stated in the opinion of the
court.

*Walker & L'Engle*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

TAYLOR, J.:

The plaintiff in error, upon information filed in the
criminal court of record of Duval county, was tried
and convicted for the crime of receiving stolen goods
of the value of one hundred dollars, knowing them to
have been stolen, and was sentenced to imprisonment
in the penitentiary for one year. From this judgment
he comes here on writ of error.

The first assignment of error is the admission in evi-
dence by the court, over the defendant's objection, of
the original articles of incorporation of the "Pine

JANUARY TERM, 1895.    247.

Benjamin J. Butler v. The State of Florida.— Opinion of Court.

Street Railroad Company," from the files of the Clerk of the Circuit Court of Duval county, and a certified resolution of the stockholders of said Pine Street Railroad Company, adopted at a stockholders meeting on March 8th, 1889, also filed with said Circuit Court clerk, changing the corporate name of said company to "The Main Street Railroad Company," which latter is the name of the corporation alleged in the information to be the owner of the stolen goods. There was no such error here as could entitle the defendant to a reversal of the judgment against him. If the case had been one where the technical legality of the proceedings for the incorporation of the company, or for the subsequent change of its corporate name, had been *material issues*, the introduction alone of the documents offered and admitted here might have been *insufficient* to establish that issue; but, in cases like this, where the ownership of stolen goods is alleged in an indictment to be in a corporation, the *legality* of the incorporation of the company alleged as such owner is not a material issue, and need not be either alleged or proved. The indictment is sufficient in such cases if it alleges simply that the owner is a corporation, and the proof is sufficient if it shows that the alleged corporate owner is a corporation *de facto*, and actually doing business as such. The only object in alleging any ownership in an indictment in such cases is to subserve the purpose of a part of the *description* of the stolen property and to assist in its identification. Duncan vs. State, 29 Fla. 439, 10 South. Rep. 815; Kennedy vs. State, 31 Fla. 428, 12 South. Rep. 858; Smith vs. State, 28 Ind. 321; People vs. Barric, 49 Cal. 342. It was fully shown in this case, and without contradiction, that The Main Street Railroad Company, alleged as the owner of the stolen goods, was a corporation

having a *de facto* existence, and actually owning property and operating a street railroad in the city of Jacksonville, in Duval county, Florida. The proof upon this point, outside of the documentary evidence objected to, was ample and undisputed; and, even though the documentary evidence may have been technically inadmissible or insufficient by itself to prove a *legal* corporate existence, yet under the circumstances of this case it was merely cumulative to sustain an immaterial and undisputed issue, and no harm could have resulted to the defendant from its admission, even could we decisively declare them to have been entirely inadmissible.

The next assignment of error is the overruling of the defendant's motion for a new trial. The sixth ground of this motion was, that the court erred in refusing the following instructions requested by the defendant: (1) "One of the material allegations of the State information against defendant is that the property in question was the property of 'The Main Street Railroad Company,' a corporation organized under the laws of Florida, and it is as necessary to prove this allegation as any of the allegations in said information, and it is necessary in order to that proof, to prove that said railroad company was lawfully organized. If the State has failed to prove such corporate existence, then defendant can not be convicted in this case. The court charges that the proof introduced is not sufficient to establish that said corporation was legally organized." (2) "To constitute the crime of receiving stolen goods as charged, it is essential to show a criminal intent; the receiver must know that the goods were stolen, and this knowledge must exist at the very instant of the receiving, otherwise the crime does not exist." (3) "If goods are left at a man's house without his knowl-

edge or consent, even though they may have been stolen by the person leaving them, this, in itself, does not make the person at whose house the goods were left a receiver of stolen goods.'' The impropriety of the first of these instructions, and the correctness of the court's refusal to give it, has already been made apparent in the discussion of the first assignment of error above. The second instruction refused correctly states the law, but there was no error in its refusal, for the reason that the court had already, in a previous charge, fully and succinctly instructed the jury upon the points of law involved in said refused instruction. Robinson vs. Barnett, 19 Fla. 670, S. C. 45 Am. Rep. 24. The third of said refused instructions, as an abstract proposition, is sound law, but it does not comport with any facts proven in the case. The defendant's own statement under oath, and all the evidence introduced by him, show that, although he may not have known on the instant that the stolen goods had been left at his house, yet that he, very shortly after they were left there, did discover them, and that he threw them back into his room, instead of repudiating them and expelling them from his premises.

We think the verdict is amply sustained by the evidence, in which there is conflict, it is true, but the jury have settled those conflicts, and we see no reason to disturb their finding. The judgment below is affirmed.