CARLOS ALVAREZ, *Plaintiff in Error*, v. THE STATE OF
FLORIDA, *Defendant in Error*.

## Opinion filed February 9, 1918.

1. An allegation in an information charging the offense of receiving stolen property knowing the same to have been stolen, that the property stolen was owned by a corporation giving its name and alleging that it was a corporation, is a sufficient allegation of ownership of the property stolen.

2. An information charging the defendant in one count with the offense of receiving stolen property knowing the same to have been stolen, and in a second count charging him with being accessory before the fact to such offense is not duplicitous.

3. The refusal of the court to order the State Attorney to furnish the defendant with a bill of particulars in the prosecution of an information for receiving stolen property knowing the same to have been stolen will not be held to be erroneous in the absence of anything in the record to show an abuse of discretion in such refusal.

4. In the trial of a criminal case in which the defendant is charged with the offense of receiving stolen property knowing it to have been stolen, the court should instruct the jury to find the value of the property stolen and received with that knowledge by the defendant in case they should find the defendant guilty.

5. The admission of hearsay evidence which is prejudicial in character to the defendant is erroneous, and when properly objected to by him should be excluded from the jury.

Writ of Error to Criminal Court of Record for Hillsborough County, W. S. Graham, Judge.

Judgment reversed.

*Samuel Borchardt* and *Dickenson & Dickenson,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

ELLIS, J.—The plaintiff in error and one Wilbur Murrell were jointly informed against in the Criminal Court of Record for Hillsborough County upon the charge of receiving, buying and aiding in the concealing of stolen property knowing it to have been stolen.

The information contained two counts. The first charged Alvarez and Murrell jointly with the crime; the second charged Murrell as principal and Alvarez as accessory before the fact.

The bill of exceptions indicates that the two men were jointly tried. The verdict found the "defendant guilty as charged in the first count, also the second count as charged in the information." Alvarez took a writ of error.

A motion to quash the information was made in behalf of Alvarez, which was overruled. The order was made the basis of the thirty-fifth assignment of error. It is treated first in the brief of counsel, so we will consider it in the same order.

The motion was based upon seven grounds which in substance are as follows: Vagueness and infiniteness; failure to charge any defense; duplicity; failure to designate the owner of the property alleged to have been stolen; duplicity in each count; failure to name the State under which the owner of the property, a corporation, was organized, and "for other good and sufficient reasons."

The first point argued by counsel is that the name of

the State under which the corporation which owned the property stolen was organized is not given. The information alleges the ownership of the property to be in "Crenshaw Bros. Produce Company, a Corporation."

The allegation of ownership is sufficient. There is nothing left to intendment. The owner is alleged to be a corporation. The cases cited by counsel for plaintiff in error support this view. In the case of State v. Clark, 223 Mo. 48, 122 S. W. Rep. 665, the information which charged Clark with larceny laid the ownership of the goods stolen in a railroad company and failed to allege whether it was a partnership or corporation. It was held to be bad. The case is annotated in 18 Ann. Cas. 1120. The note states that there are two lines of cases, one holding that an indictment for larceny from a corporation should allege that the owner is a corporation the other holding that it is sufficient to allege and prove the name by which it is generally known. White v. State, 24 Tex. App. 231, 5 S. W. Rep. 857, 5 Am. St. Rep. 879, holds that an indictment for larceny from a corporation should allege the fact of incorporation. The authorities in that case, Bishop's Criminal Procedure, Wharton's Criminal Law and Archbold's Criminal Pleading, and Russell on Crimes, are cited in support of the rule.

In civil cases because of the regulations imposed by statutes upon corporations of other States transacting business in the State of the forum it may be necessary to definitely allege and prove the name of the State under which the corporation was organized, but no such reason exists in a criminal case.

This court has settled the point adversely to the contention of the plaintiff in error. The two cases cited

by the ·Attorney General, Butler v. State, 35 Fla. 246, 17 South. Rep. 551, and ·Presley v. State, 61· Fla. 46, 54 South. Rep. 367, hold that an allegation of ownership as laid in this information is sufficient. ·

The information is not duplicitous Neither count charges the defendant with two separate· and distinct offenses.· Two offenses are joined in the same information.   One count charges the defendant as principal and the other as accessory before the fact, but the information is not faulty for·that reason.   The two. offenses charged were covered by the same transaction and were properly joined in the information.   See 14 R. C. L. 198.

·It is contended that the description of the property alleged to have been received as stolen property was not sufficiently described.   The property was described as "Sixty dozen eggs, a further description being to the County Solicitor unknown," and "Sixty pounds of 'Pride of Wisconsin' Cheese."   There is no merit in this point.   It is a matter of common knowledge, although in these times that knowledge may rest in dim memories of a misty past that cheese and eggs are articles of food. Although eggs may in some communities be bought and sold according to weight and valued inversely according to age, the county solicitor is not amenable to criticism as an indifferent pleader because he did not describe the eggs according to weight, age and progenitorial distinction.

The refusal of the court to order the State to furnish the defendant with a bill of particulars was not error. The information fully informed the defendant of the nature and cause of the accusation against him.   The case is one in which no abuse·of discretion in denying the motion has been shown.   See Thomas v. State, 74 Fla. 200, 76 South. Rep. 780.

A motion in arrest of judgment was made and denied and that ruling is made the basis of the thirty-seventh assignment of error.

Defendant's counsel also requested the court for an instruction directing the jury to find the value of the property stolen and received by the defendant in the event they should find him guilty. The court refused the requested instruction, and the defendant duly excepted to such ruling. A motion for a new trial was made, one of the grounds being the Court's refusal to give the requested instruction and the point argued under one of the assignment of error.

The motion in arrest of judgment was made upon the ground that the verdict was insufficient in that it failed to state the value of the goods stolen and which the defendant received knowing them to have been stolen.

Counsel for plaintiff in error urge that the verdict should have specified the value of the property which the jury found had been stolen and received by the defendant; that the finding of the value of the property is rendered unnecessary by the two actions of the General Statutes numbered 3304 and 3305. These sections are as follows:

"3304. Whoever buys, receives or aids in the concealment of stolen money, goods or property, knowing the same to have been stolen, shall be punished by imprisonment in the State prison not exceeding five years, or by fine not exceeding five hundred dollars."

"3305. Upon a first conviction under the preceding section, and when the act of stealing the property is not by law a felony, if the party convicted of buying, receiving or aiding in the concealment of such stolen property, makes satisfaction to the party injured to the full value of the property stolen and not restored, he shall not be

imprisoned in the State prison, but may be liable to such additional punishment as the court may direct."

The two sections are *in pari materia* and should be construed together. They formed a part of Chapter 1637 of the Laws of 1868. The purpose of the legislature seems to have been to afford the defendant the opportunity of making satisfaction to the full value of the property stolen and not returned to the party injured in case the act of stealing the property was not by law a felony. When such satisfaction is made the offense does not amount to a felony.

The receiver of stolen property knowing it to have been stolen is guilty of a felony under Section 3304, although the value of the property stolen may have been less than twenty dollars, and the larceny therefore a misdemeanor. It is clear therefore that the two sections taken together gives to the defendant under certain circumstances the right by making satisfaction to the injured party to reduce his offense from a felony to a misdemeanor. In a matter of such great importance to the defendant it is equally clear that the right thus secured to him should not depend upon the property's value as arbitrarily fixed by the injured person to whom in some cases the temptation to use the situation as a means of extortion to secure an unseemly profit would be difficult if not impossible to resist. Nor should the question of value depend upon litigation to ascertain it, which would be a needless expense. If the jury trying the case does not ascertain and fix the value of the property stolen, it follows that either the injured person shall, or the question shall be determined by litigation or the judge himself shall do so, in which latter case the defendant's guiltiness, whether felony or misdemeanor would be made to depend upon the judge's find-

ing of a fact and the defendant be to that extent deprived of the right of trial by jury.

If the jury fix in their verdict the value of the property stolen and the taking was not robbery, burglary or grand larceny, the defendant may make satisfaction by paying into court the amount so fixed by the jury. The fact is entered of record and the def ndant becomes amenable to punishment under Section 3305 General Statutes, as for a misdemeanor instead of felony.

If this course is not pursued the record as in this case would show that the defendant was found guilty of a felony; that the original taking was a felony because the information charged that the value of the goods was more than twenty dollars and the defendant was under an ilegal sentence, although the goods may have been restored or satisfaction made to the full value of them not restored.

In this case the information laid the value of the eggs at nineteen dollars and twenty cents, and the value of the cheese at sixteen dollars. From the evidence the jury may have found that the eggs were not stolen which were found in the defendant's possession. The value of the cheese was less than twenty dollars and there was no evidence to show that the original taking was a felony.

An information may allege that several articles aggregating twenty dollars in value were stolen and received by defendant knowing them to have been stolen. The jury may find that only some of the articles mentioned were stolen and their aggregate value was much less than twenty dollars. In such case the defendant has the right secured by statute to make satisfaction and as we think according to a value fixed by the jury trying the particular case.

We think the safer course would have been to require the jury to specify in their verdict the value of the goods stolen which the defendant culpably received. It is unnecessary to decide the point, however, as the judgment must be reversed because of errors committed in admitting and rejecting evidence.

Many assignments of error are based upon the rulings of the court in the matter of the admission and rejection of evidence. Some of these objections were clearly well taken and should have been sustained. The witness Ferguson was permitted over the defendant's objection to testify as to what the defendant Murrell said about Alvarez' place and that he had been selling cheese and eggs to him. This was hearsay evidence as to Alvarez and prejudicial. The court should have directed the jury to disregard it as to him even if it was admissible as to Murrell. The same witness was permitted to testify as to what Murrell testified to at the preliminary hearing involving the defendant Alvarez. The fact that the latter was present at that trial and could speak the English language and understand it when spoken, does not take the evidence out of the rule excluding hearsay evidence. During a judicial investigation a bystander or codefendant is not supposed to rise and interrupt the court proceedings with a denial every time a witness utters a word that might implicate such other person. The same error was repeated when the witness was permitted to testify that Murrell had said that he received the money "nineteen dollars" for the "load of stuff" from the defendant Alvarez. Similar errors were several times repeated. The rule against the admission of hearsay evidence was not regarded and most prejudicial evidence in this manner admitted against the defendant.

For these errors 'and others of a similar character appearing in the record the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, J. J., concur.