WALTER MYERS and WILLIE JONES v. STATE.

155 So. 797.
Opinion Filed June 25, 1934.

*George M. Okell,* for Plaintiff in Error;
*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for the State.

DAVIS, C. J.—An information charged Annie Blount, Walter Myers, and Willie Jones with having unlawfully had, received and aided in the concealment of certain property which had theretofore been stolen from a S. A. L. Ry. Company car, they, the said Annie Blount, Walter Myers and Willie Jones, at the time of so having, receiving and aiding in the concealment of said stolen property, well knowing the same to have been theretofore stolen, taken and carried away in violation of the statute in such cases made and provided. See Section 7239, C. G. L., 5138 R. G. S.

Upon the trial of the defendants the jury returned the following verdict which was attacked by motion in arrest of judgment:

"In the Criminal Court of Record,

"Dade County, State of Florida.

"Miami, Florida, Aug. 5, A. D. 1933.

"Verdict:

"We, the Jury, find the defendants, Walter Myers, Willie Jones, Guilty of Concealing stolen goods. Annie Blount, receiving same.

"So say we all.

"R. T. White, *Foreman.*"

A motion in arrest of judgment having been overruled, the defendants Walter Myers and Willie Jones have pros- ecuted writ of error to the judgment, assigning, among other things, the alleged error of the Court in refusing to arrest judgment on the alleged irresponsive verdict.

The assignment of error with respect to the motion in arrest of judgment is well taken.

In Harris v. State, 53 Fla. 37, 43 Sou. Rep. 311, this Court held insufficient, as against a motion in arrest of judgment, a verdict rendered on a like charge to the one involved in this case. In the Harris case the verdict was: "We, the jury, find the defendant guilty of receiving stolen goods, so say we all." And this Court said in reversing the judgment for refusal of the trial court to grant a motion in arrest of judgment:

"The verdict of the jury in this case is not responsive to the charge and not consistent therewith, and does not find everything that is necessary to enable the court to render judgment. It is evident that the defendant was not con- victed on the first count of the information. The jury attempted to find him guilty on the second count. The

second count charged the defendant with the crime of buying and receiving and aiding in the concealment of stolen property, knowing the same to have been stolen, as provided in Section 3304 of the General Statutes of 1906, which was Section 2451, Revised General Statutes of 1892. An essential element of this crime is the knowledge, on the part of the party charged, that the property received was stolen. This essential element of knowledge was not included in the verdict rendered by the jury in this case.

"The jury did not find the defendant guilty of having this knowledge that the goods received by him were stolen goods. The jury found the defendant guilty of receiving stolen goods. There is no such crime known to the laws of Florida. It is no offense to receive stolen goods, unless the person so receiving them knows them to have been stolen. The Court could not legally punish the defendant for the offense found in the verdict. The verdict is a nullity. No legal judgment or sentence can be predicated upon it. I Bishop's New Crim Proc., Sec. 1005; State v. Whitaker, 89 N. C. 472; O'Connell v. State, 55 Ga. 191; Dreyer v. State, 11 Tex. App. 631; State v. Burdon, 38 La. Ann. 357; Miller v. People, 25 Hun. 473; Hogan v. State, 42 Fla. 562, 28 South. Rep. 763. The court erred when it refused to arrest the judgment. Where the arrest of judgment is because the verdict is a nullity, or so defective that no judgment can be rendered upon it, a new trial will be ordered. Lovett v. State, 33 Fla. 389, 14 South. Rep. 837; 1 Bishop's New Crim. Proc., Sec. 1288."

For the error pointed out the judgment below is reversed with directions to grant the motion in arrest of judgment and order a *venire facias de novo* thereon in order that the error causing the arrest of judgment may be remedied in due course of procedure as provided in the statutes.

See Section 8413, C. G. L., 6108 R. G. S., as related to Section 4502, C. G. L., 2815 R. G. S.

In order to avoid reversals of this character in the future, it is recommended that trial judges carefully examine verdicts about to be returned by juries in criminal cases before such verdicts are accepted from the jury and recorded as part of a record of conviction, and if on such examination a proposed verdict of guilty about to be returned against an accused, be found not to be responsive to the charge on trial, or otherwise irregular or deficient, that the jury be forthwith instructed as to the proper forms of verdicts of guilty which they may lawfully render with respect to the charges embraced in the indictment or information in the event they find the defendants guilty of any offense embraced in the charge on trial, and thereupon cause the jury to retire for the framing of a proper form of verdict.

Under the holding of the Harris case, *supra,* a verdict of guilty is a part of the record proper in a criminal case. And as such, it affords the only lawful foundation for the entry of a proper judgment of conviction, where the record of arraignment shows the joinder of an issue of not guilty between the State and the defendant. For this reason verdicts in criminal cases must conform to such standards of certainty and responsiveness as to make it clear that the verdict of the jury follows the criminal charge laid in the indictment or information and that the judgment of the verdict follows both.

Reversed and remanded with directions.

WHITFIELD, TERRELL and BUFORD, J. J., concur.