LEROY VAUGHN v. STATE OF FLORIDA.

2 So. (2nd) 121
Division A
Opinion Filed May 2, 1941

*Frank T. Cannon,* for Appellant;

*J. Tom Watson,* Attorney General, and *Nathan Cockrell,* Assistant Attorney General, for Appellee.

ADAMS, J.—The defendant was charged with receiving stolen property, to-wit: cigarettes of the value of $20.00. He was convicted and sentenced to the State prison for a period of eighteen months.

On appeal the defendant asserts error for refusal to grant his requested charge to the jury to fix the value of the goods stolen in event of his guilt. The

purpose of this request was to make available to defendant the benefit of Section 7240, C. G. L., 1927:

"Upon a first conviction under the preceding section, and when the act of stealing the property is not by law a felony, if the party convicted of buying, receiving or aiding in the concealing of such stolen property, makes satisfaction to the party injured to the full value of the property stolen and not restored, he shall not be imprisoned in the State prison, but may be liable to such additional punishment as the court may direct."

This question has never been decided by this Court. It was discussed in an opinion by this Court in Alvarez v. The State of Florida, 75 Fla. 286, 78 So. 272; and also in a concurring opinion by Mr. Justice BUFORD in Fisher v. State, decided at this term. We now approve the comment made therein, and hold that it was the duty of the trial court to require the jury to fix the value of the property stolen in the event of conviction.

The statute is clear, that, if the larceny be a misdemeanor, a first offender has the right *after conviction* to make restitution and thereby reduce his offense from a felony to a misdemeanor.

Error is asserted for refusal to charge that the testimony of an accomplice should be received with great caution. With this we do not agree. The theory of the State's case was that one Hodges was the thief. One Fisher delivered the stolen goods to the defendant. Both Hodges and Fisher were State witnesses. The law is settled that an accomplice's testimony is to be received with great caution. Henderson v. State, 135 Fla. 548, 185. So. 625. The charge against defendant was a separate and distinct crime

14

and had no necessary relation to the crime, if any, of Hodges and Fisher. This question was settled adversely to defendant in Bailey v. State of Florida, 76 Fla. 103, 79 So. 748.

Other assignments of error have been examined and found without merit. The judgment is reversed for another trial not inconsistent with this opinion.

Reversed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.