MARVIN TIDWELL v. THE CIRCUIT COURT OF DESOTO COUNTY, FLORIDA, HON. W. T. HARRISON, and HON. GEORGE W. WHITEHURST, Judges of said Court, and THE STATE OF FLORIDA.

9 So. (2nd) 630            En Banc
September 15, 1942

W. D. Bell, for petitioner.

J. Tom Watson, Attorney General, and Woodrow M. Melvin, Assistant Attorney General, for respondents.

THOMAS, J.:

The petitioner has applied to this Court for writ of prohibition directed to the judges of the Twelfth Judicial Circuit to prevent his trial in their court upon an information charging him with receiving stolen property, valued at less than fifty dollars, as denounced by Section 811.16, Florida Statutes, 1941.

The penalty prescribed for violation of that law is "imprisonment in the state prison not exceeding five years, or . . . fine not exceeding five hundred dollars." Thus, the offense is a felony under Article XVI, Sec-

tion 25, of the Constitution of Florida, defining that degree of crime.

The petitioner challenges the jurisdiction of the circuit court because of a circumstance created by him and the provisions of Section 811.17, Florida Statutes, 1941. After the information was filed he paid to the party from whom the goods were alleged to have been stolen the full value of the property.

By terms of Section 811.17, supra, "upon a first *conviction* [under Section 811.16, supra] . . . when the act of stealing the property is not by law a felony, if the party *convicted* of . . . receiving . . . such stolen property, makes satisfaction . . . to the full value of the property . . . he shall not be imprisoned in the state prison, but may be liable to such additional punishment as the court may direct." (We have supplied the italics). Thus it is the contention of the petitioner that the act of restitution precluded imprisment in the state prison and, therefore, because of the quoted constitutional definition, reduced the grade of the crime to a misdemeanor of which the circuit court has no jurisdiction.

We are unable to follow this course of reasoning. The gravity of the offense was fixed at the time of its commission and the voluntary act on the part of the defendant in making restoration to the person whose property was stolen has no influence upon the nature of the crime or the jurisdiction of the court in which the matter should be tried, but only serves to diminish the character of the punishment if the defendant is eventually convicted. It will be observed by turning to the part of the statute we have underscored that it was contemplated by the Legislature

that restoration could be made "upon conviction" by "the party convicted."

It would appear hypertechnical to distinguish between a "satisfaction" made before and one made after establishment of guilt so far as the infliction of punishment is concerned, however, we think that the jurisdiction which attached when the formal charge was made against the petitioner remained unaffected by his action which was actually inappropriate before the conviction. To state it another way, there could be no doubt of the right of the circuit court to try the crime of receiving stolen property and the statute clearly authorizes restitution after conviction. The defendant having made restitution, though prematurely, may insist upon the lesser punishment if eventually convicted but cannot by that premature action disturb the jurisdiction of the court. Anything said by this Court in Alvarez v. State, 75 Fla. 286, 78 So. 272, and Vaughn v. State, 147 Fla. 12, 2 So. (2nd) 122, in conflict with the view expressed here is overruled.

The petition is denied.

BROWN, C. J., WHITFIELD, BUFORD, and CHAPMAN, JJ., concur.

ADAMS, J., agrees to conclusion.