LILES, Chief Judge.
The appellant was informed against and charged with receiving and concealing stolen property consisting of watches stolen from Smith’s Jewelers. He was subsequently arraigned, pleaded not guilty and was tried by a jury which found him guilty. A motion for a new trial was denied and appellant was sentenced to a term of two years in state prison. This appeal followed.
Appellant urges that the trial judge committed error in allowing testimony for the State regarding a crime which occurred eleven days prior to that for which defendant was convicted, and that the trial judge himself committed error in commenting upon this evidence. This prior crime consisted of receiving and concealing stolen television sets.
He also urges that it was error for the jury to fail to affix the value of the property stolen and that the evidence was insufficient to support the verdict.
During the course of the trial an officer, one Donald W. Weaver, testified that he had investigated a breaking and entering of two apartments which occurred on February 19, 1968; that following this investigation he recovered, on March 24, 1968, two television sets which had been stolen by one Robert Lovett; that he found the television sets in appellant’s apartment; and that Robert Lovett admitted having stolen the television sets and selling them to the appellant, Richard Flowers. Robert Lovett also testified that he sold the two stolen televisions to Richard Flowers. It is the testimony concerning the television sets which appellant complains of.
Appellant maintains that since he is not being tried for receiving and concealing two television sets that any testimony regarding these sets is inadmissible and relies primarily on Williams v. State, Fla.1962, 143 So.2d 484; Williams v. State, Fla.1959, 110 So.2d 654; and Williams v. State, Fla.1960, 117 So.2d 473. We find no fault with the principle laid down in these Williams cases, supra but do not believe that the trial judge erroneously applied that principle. The testimony was admissible because it was evidence to show intent, mode of operation, design and general pattern or scheme. Under the rule laid down in the Williams cases such evidence is admissible. This rule was again reaffirmed in State v. Wadsworth, Fla.1968, 210 So.2d 4.
Appellant complains that the trial judge in commenting on the evidence asked the question,' “Robert, when you sold him the television sets, did you tell him where you got them?” We do not agree that the trial judge committed error in asking this question because the testimony was admiss *788 ible for the same reason that Officer Weaver’s testimony was admissible. It was admissible to show a plan or pattern followed by the appellant.
Appellant, relying on Vaughn v. State, 1941, 147 Fla. 12, 2 So.2d 122, contends that the court had the duty to require the jury to fix the value of the stolen property. Under Section 811.17, F.S.A., the person guilty of receiving stolen goods under Section 811.16 is not punishable by imprisonment in the state prison if it was a first conviction, if the stealing of the goods only amounted to a misdemeanor, and if the receiver of the goods makes full restitution.[1]
In Vaughn- the goods had originally been stolen not by breaking and entering but by simple larceny. Since grand larceny is a felony, and petit larceny is a misdemeanor, the Florida Supreme Court held that the jury must fix the value of the goods in order to enable the court to determine whether the original taking was a misdemeanor. In the present case the taking was accomplished by breaking and entering. Breaking and entering, whether to commit a felony ( § 810.02, F.S.A.) or to commit a misdemeanor ( § 810.05, F.S.A.) is a felony. Thus Section 811.17 is not applicable to one receiving goods stolen pursuant to a breaking and entering. Since the value of the goods stolen has no bearing on whether breaking and entering is a felony, there was no reason for the jury to determine the value of the goods stolen.
We come now to the sufficiency of the evidence to support the verdict. The owner of the jewelry store identified the watches. The person who stole the watches identified the watches as being those stolen. The officer identified the watches as being the ones taken from Richard Flowers. From the evidence it appears that Robert Lovett came to Richard Flowers’ home in the early morning hours and sold the watches to Flowers under circumstances which would lead any reasonable man to suspect that the watches were stolen.
Our review of all the testimony and the record reveals that there was sufficient evidence to support the verdict.
Affirmed.
HOBSON, J., concurs.
MANN, J., concurs in part, dissents in part, with opinion.

. Vaughn has been overruled insofar as it indicates that the effect of Section 811.17 is to reduce Section 811.16 to a misdemeanor. Tidwell v. Circuit Court of DeSoto County, 1942, 151 Fla. 333, 9 So.2d 630. Receiving stolen property is a felony irrespective of the value of the thing stolen. See Brizzie v. State, Fla.App.1960, 120 So.2d 27.