OWEN, Judge.
Appellant was convicted in the Court of Record in and for Broward County of the criminal offense of receiving stolen property under F.S.1967, Section 811.16, F.S.A., and appeals from the judgment entered thereon.
The jury verdict found the defendant “guilty of the lesser included offense of receiving stolen property under the value of ONE HUNDRED ($100.00) DOLLARS.” This verdict was defective, Myers v. State, 1934, 115 Fla. 627, 155 So. 797; Harris v. State, 1907, 53 Fla. 37, 43 So. 311, but was never attacked by a proper motion in arrest of judgment. There is thus no judicial act to be reviewed by us in connection with this point.
The judgment which the court entered likewise adjudged appellant guilty of the crime of receiving stolen property under the value of ONE HUNDRED ($100.-00) DOLLARS. The information charged appellant in the language of F.S.1967, Section 811.16, F.S.A., including the material element that at the time of receiving or *323 aiding in the concealment of said stolen property, appellant then and there well knew that the same was stolen property. The judgment is defective in omitting a material element of the offense as charged and must he reversed and this cause remanded for entry of a proper and lawful judgment. Mathis v. State, 1938, 134 Fla. 352, 184 So. 89; Perkins v. State, 1936, 126 Fla. 707, 171 So. 655.
Appellant, sentenced to the maximum penalty prescribed by F.S.1967, Section 811.16, F.S.A., asserts that since he is a first offender and since the property was returned to its lawful owner (with the exception of that retained by the state for use in evidence), he was entitled to be sentenced under the provisions of F.S. 1967, Section 811.17, F.S.A. Without determining the issue of whether appellant had made full restitution or the property sufficiently returned to the lawful owner, we find that it affirmatively appears the goods had been stolen in a burglary, thus making F.S.1967, Section 811.17, F.S.A., inapplicable. Flowers v. State, Fla.App. 1969, 222 So.2d 786.
The other points argued by appellant have been considered but they are likewise without merit and do not require comment.
The judgment is reversed and the sentence entered thereon is vacated and this cause remanded to the trial court with directions that a proper and lawful judgment be entered herein, and the appellant be sentenced as the justice of the cause shall require. Appellant’s testimony in his own behalf, if true, indicates that the trial court may be justified in considering the desirability of a presentence investigation.
Reversed, and remanded.
WALDEN and REED, JJ., concur.