281 So.2d 586 (1973)
Jimmy P. SPURLOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 72-839.
District Court of Appeal of Florida, Fourth District.
August 15, 1973.
Rehearing Denied September 10, 1973.
*587 James C. Dauksch, Jr., Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Andrew W. Lindsey, Asst. Atty. Gen., and Joel Remland, Legal Intern, Tallahassee, for appellee.
PER CURIAM.
Defendant was convicted of buying, receiving and aiding in the concealment of stolen property. He was sentenced to three years and appeals the judgment and sentence.
The jury verdict failed to fix the value of the stolen goods and to allege defendant knew the goods were stolen.
The verdict was defective because it failed to set value. Alvarez v. State, Fla. 1918, 75 Fla. 286, 78 So. 272; Vaughn v. State, Fla. 1941, 147 Fla. 12, 2 So.2d 122; both cases overruled on other grounds in Tidwell v. State, Fla. 1942, 151 Fla. 333, 9 So.2d 630. As defendant concedes he failed to object below to the verdict, he failed to move for a new trial, and never attacked the verdict by a proper motion in arrest of judgment so that there is no reviewable judicial act; ergo, there is no merit to defendant's first point on appeal. Biesendorfer v. State, Fla.App. 1969, 227 So.2d 322.
There is merit to defendant's second appellate point, which challenges the failure of the judgment to recite knowledge on defendant's part. We reverse and remand on authority of Biesendorfer v. State, supra; Eagle v. State, Fla.App. 1972, 270 So.2d 468; Myers v. State, Fla. 1934, 115 Fla. 627, 155 So. 797, with directions to the trial court to enter a proper judgment.
There is no merit to defendant's third point.
Reversed and remanded, with directions.
OWEN, C.J., and WALDEN and CROSS, JJ., concur.