HAVERFIELD, Judge.
Appellant, the State of Florida, seeks review of an order dismissing an information against the defendant-appellee for lack of jurisdiction.
Defendant, Jerry Jackson, was charged in a four count information with buying, receiving or aiding in the concealment of certain stolen property, to-wit: credit cards and a driver’s license in violation of § 811.16, Fla.Stat., F.S.A. Pursuant to RCr.P 3.190(c) the accused through his counsel moved to dismiss the information on the grounds of lack of jurisdiction in the circuit court. After a hearing was held thereon, the trial judge entered an order granting the defendant’s motion to dismiss on the grounds of lack of jurisdiction based upon the following: (1) the value of the credit cards and driver’s license is less than $100; (2) the credit cards and driver’s license presently are in the custody of the police department; (3) if convicted, it would be the accused’s first conviction under § 811.16 Fla.Stat., F.S.A.; (4) that the act of stealing property valued at less than $100 constitutes the crime of petit larceny, a misdemeanor; and (S) pursuant to § 811.17 Fla.Stat., F.S.A. if convicted defendant would be guilty of a misdemeanor of the first degree and thus, the circuit court lacks jurisdiction. The state appeals the order of dismissal. We reverse.
By virtue of Section 5(b) of Article V of the Florida Constitution, and F.S. § 26.012(2) (d), the circuit court has jurisdiction of all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged.
The offense of receiving stolen goods is a felony irrespective of the value or nature of the thing stolen. Brizzie v. State, Fla.App. 1960, 120 So.2d 27 at 30. The information in the case sub judice charged the defendant with four counts of buying, receiving or aiding in the concealment of certain stolen property and therefore the circuit court had the right to try these crimes. Contrary to defendant’s contention, § 811.17, Fla.Stat., F.S.A. does not divest the circuit court of its jurisdiction, but merely serves to diminish the character of the punishment inflicted. Tidwell v. Circuit Court of DeSoto County et al., 151 Fla. 333, 9 So.2d 630 (1942).
Accordingly, the order of dismissal herein appealed is reversed and the cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.