338 So.2d 209 (1976)
Lawrence ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1012.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Rehearing Denied September 20, 1976.
*210 Phillip A. Hubbart, Public Defender, and Julian S. Mack, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst, Atty. Gen., and Mitchell Luber, Legal Intern, for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant was tried by jury and convicted of buying, receiving or aiding in the concealment of stolen property [§ 811.16, Fla. Stat.]. He appeals the judgment.
In one of his points on appeal defendant urges as reversible error the fact that the verdict form signed by the jury fails to allege that he knew the goods were stolen. We find this point well taken.
Although the judgment of conviction states that the defendant had been regularly tried and convicted of unlawfully buying, receiving or aiding in the concealment of stolen property, well knowing the same to be stolen, the jury's verdict was simply a finding of guilty of buying, receiving or concealing stolen property. In a criminal case the judgment of the trial court must conform to the verdict of the jury and, thus, we find the judgment to be improper. See Holloman v. State, 140 Fla. 59, 191 So. 36 (1939). We further find that the jury's verdict is defective in that it failed to recite knowledge on the defendant's part which is an essential element of the crime charged. See Myers v. State, 115 Fla. 627, 155 So. 797 (1934); Spurlock v. State, Fla.App. 1973, 281 So.2d 586 and cases cited therein. The verdict being a nullity, the judgment of conviction is reversed and the cause remanded for a new trial. See Myers, supra, at 798.
We find the defendant's remaining points on appeal to be without merit.
Reversed and remanded.