340 So.2d 113 (1976)
Dalton WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 48644.
Supreme Court of Florida.
November 30, 1976.
Joseph E. Tomberg, Boynton Beach, and Larry Klein, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., and Anthony J. Golden, Asst. Atty. Gen., for respondent.
ROBERTS, Justice.
We have for review by petition for writ of certiorari granted the decision of the District Court of Appeal, Fourth District, in Williams v. State, reported at 322 So.2d 613, which conflicts with Vaughn v. State, 147 Fla. 12, 2 So.2d 122 (1941), and Spurlock v. State, 281 So.2d 586 (Fla.App.4, 1973), thereby vesting jurisdiction in this Court pursuant to Article V. Section 3(b)(3), Florida Constitution.
Petitioner was charged with nine counts of buying, receiving or aiding in the concealment of stolen property, to-wit: a heifer. At trial, the owner identified seven of the nine heifers and the Judge accordingly dismissed counts eight and nine. He was acquitted of six counts and convicted of count seven.
On appeal, petitioner contended that he should have been sentenced according to the lesser penalty provided by Section 811.17, Florida Statutes (1973),[1] since it was impossible to determine the value of the property that he was convicted of receiving, and since the verdict was defective because it failed to state the value of the property for which petitioner was convicted of illegally receiving. The District Court of Appeal affirmed the conviction for buying, receiving or aiding in the concealment of stolen property.
Agreeing with petitioner's contentions, Judge Walden dissented from the majority and explained:
"The issue raised on appeal is generated by the interaction of Fla. Stat. §§ 811.16 and 811.17 (1973). Buying, receiving or aiding in the concealment of stolen property is a felony regardless of the *114 value of the property received, Fla. Stat. § 811.16 (1973). However, Fla. Stat. § 811.17 (1973), provides:
"`Receiving stolen goods; punishment when offender makes satisfaction.  Upon a first conviction under § 811.16, and when the act of stealing the property is not by law a felony, if the party convicted of buying, receiving or aiding in the concealing of such stolen property, makes satisfaction to the party injured to the full value of the property stolen and not restored, he shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.'
"At trial there was expert testimony that the heifers in question ranged in value from $55, this amount constituting petit larceny, a misdemeanor, to over $100, amount required to prove grand larceny, a felony. The appellant contends on appeal that he should have been sentenced according to the lessened penalty provisions of Fla. Stat. § 811.17 (1973), inasmuch as it was impossible to determine the value of the property that he was convicted of illegally receiving due to the failure of the state to match each heifer to a corresponding count."
Section 811.16, Florida Statutes (1973) provides:
"Buying, receiving, concealing stolen property.  Whoever buys, receives, or aids in the concealment of stolen money, goods, or property, knowing the same to have been stolen, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084."
Vaughn v. State, supra, involved the predecessor statute to Section 811.17, Florida Statutes, Section 7240 C.G.L. 1927, which provided:
"Upon a first conviction under the preceding section, and when the act of stealing the property is not by law a felony, if the party convicted of buying, receiving or aiding in the concealing of such stolen property, makes satisfaction to the party injured to the full value of the property stolen and not restored, he shall not be imprisoned in the State prison, but may be liable to such additional punishment as the court may direct."
Therein the defendant was charged with receiving stolen property of the value of $20, was convicted, and was sentenced to a period of eighteen months in state prison. On appeal, defendant Vaughn contended that the trial court erred in refusing to grant his requested charge to the jury to fix the value of the goods stolen. This request was made to make available the benefit of Section 7240 C.G.L. 1927, to him in the event that he was found guilty as charged. This Court reversed the trial court and remanded for a new trial, stating:
"We ... hold that it was the duty of the trial court to require the jury to fix the value of the property stolen in the event of conviction.
"The statute is clear, that, if the larceny be a misdemeanor, a first offender has the right after conviction to make restitution and thereby reduce his offense from a felony to a misdemeanor."
This Court in Tidwell v. Circuit Court of Desoto County (State), 151 Fla. 333, 9 So.2d 630 (Fla. 1942), explaining the relationship of Sections 811.16 and 811.17,[2] Florida Statutes (1941), opined:
"The gravity of the offense was fixed at the time of its commission and the voluntary act on the part of the defendant in making restoration to the person whose property was stolen has no influence upon the nature of the crime or the jurisdiction of the court in which the *115 matter should be tried, but only serves to diminish the punishment if the defendant is eventually convicted.
* * * * * *
"The defendant having made restitution though prematurely, may insist upon the lesser punishment if eventually convicted but cannot by that premature action disturb the court of jurisdiction."
Only insofar as the views expressed in Vaughn were in conflict with the decision of the Court in Tidwell were they overruled. That portion of the decision in Vaughn requiring the judge to direct the jury to set the value of the property stolen was not overruled. This Court notes the variance in language of the statute with which the Court was concerned in Tidwell dealing with the penalty only to be meted out to a first offender making satisfaction to the injured party for the full value of the property stolen which stated in part:
"... he shall not be imprisoned in the state prison, but may be liable to such additional punishment as the court may direct."
and the statute involved sub judice dealing with adjudication of guilt and penalty which states in place of the above language:
"... he shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083." (emphasis supplied)
Spurlock v. State, supra, likewise involved a verdict which the court stated was defective because it failed to set the value of the property concerned. However, unlike the situation sub judice the defendant in Spurlock failed to preserve the matter for appeal.
Pursuant to Section 811.17, Florida Statutes (1973), where the act of stealing was not by law a felony, the person convicted for the first time of receiving who makes full satisfaction to the injured party shall be guilty of a misdemeanor of the first degree.
To substantiate a felony conviction when the defendant made full satisfaction pursuant to the provisions of Section 811.17, Florida Statutes (1973),[3] it was imperative that the State prove that the property stolen was valued at $100 or more and such value should have been fixed by the jury. The absence of such proof, however, did not *116 prevent the trial court from adjudicating petitioner guilty of a misdemeanor.
Accordingly, the decision of the District Court of Appeal is quashed, and the cause is remanded with directions to remand to the trial court for imposition of sentence appropriate to a misdemeanor.
It is so ordered.
ADKINS, BOYD and SUNDBERG, JJ., concur.
ENGLAND, J., dissents with an opinion with which OVERTON, C.J., and HATCHETT, J., concur.
ENGLAND, Justice (dissenting).
I respectfully fail to find any basis for Supreme Court action in this case, and I would discharge the writ of certiorari as having been improvidently granted.
A majority of the Court finds direct conflict between the district court's decision, which in its entirety reads "affirmed", and two other Florida appellate cases. I cannot. Certainly the fact that one judge below wrote a dissent is not, as I have already suggested, a valid basis to grant "conflict" certiorari review here. See Golden Loaf Bakery, Inc. v. Charles W. Rex Construction Co., 334 So.2d 585, 586 (Fla. 1976) (concurring opinion).
Three other reasons are present in this case for rejecting review here. First, the dissenting opinion begins with the phrase: "Based on the facts of this case I would reverse... ." Obviously no great legal principle separates Judge Walden from his colleagues; he simply reaches a contrary result on the peculiar facts of this case. What need exists in this situation for us to intrude?
Second, as regards the cases cited for conflict with the affirmance below, the majority itself points out that the holding in one of them  Spurlock  is wholly irrelevant to the issue here, and that the other case  Vaughn  has effectively been overruled.
Third, the majority here and the court below correctly note that the statute which produced the problem alleged to exist and which allegedly requires clarification has been repealed. For that reason alone, we should exercise our discretion to deny certiorari. One appeal to review the fairness of a trial is all that is appropriate in a state with intermediate appellate courts. Where our Court has no law-harmonizing or precedent-developing function, our intercession for a second full plenary review merely erodes the constitutional finality of our district courts.
OVERTON, C.J., and HATCHETT, J., concur.
NOTES
[1] Repealed by Chapter 74-383, Laws of Florida, effective July 1, 1975.
[2] Section 811.17, Florida Statutes (1941) provides: "Receiving stolen goods; punishment when offender makes satisfaction.  Upon a first conviction under § 811.16, and when the act of stealing the property is not by law a felony, if the party convicted of buying, receiving or aiding in the concealing of such stolen property, makes satisfaction to the party injured to the full value of the property stolen and not restored, he shall not be imprisoned in the state prison, but may be liable to such additional punishment as the court may direct."
[3] As above noted, Section 811.17 has subsequently been repealed. See Ch. 74-383, Laws of Florida. Section 811.021, Florida Statutes (1973) defining grand larceny has subsequently been amended to state, inter alia:

"812.021(2) If the property stolen is:
(a) Of the value of $100 or more;
(b) Of the aggregate value of $200 or more, taken in any 12-consecutive month period, by an agent, servant, or employee from his principal or employer by a series or combination of any of the acts denounced in this section, as part of a common scheme or design to defraud;
(c) A will, codicil or other testamentary instrument;
(d) A firearm;
(e) A motor vehicle;
(f) Any member of the genus Bos (cattle) or the genus Equus (horse), or any hybrid of the specified genera; or
(g) Any make, type, or model of fire extinguisher, the offender shall be deemed guilty of grand larceny, which constitutes a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084... ."
and Section 811.16, Florida Statutes (1973), has been revised to read:
"812.031 Receiving stolen property. 
(1) Whoever intentionally receives, retains, disposes, or aids in concealment of any stolen property of another without consent of the owner or person entitled to possession, knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, commits an offense.
(2) If the property received is:
(a) Of the value of $100 or more;
(b) A will, codicil, or other testamentary instrument;
(c) A firearm;
(d) A motor vehicle;
(e) Any member of the genus Bos (cattle) or the genus Equus (horse) or any hybrid of the specified genera; or
(f) Any make, type, or model of fire extinguisher, the offender shall be deemed guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
(3) If the property received is not described in subsection (2), the offender shall be deemed guilty of a misdemeanor of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084...."