DREW, E. HARRIS (Retired),
Associate Judge.
In the information it was charged that the defendant [and others] “. . . did intentionally receive, retain, dispose of or aid in the concealment of stolen property, to-wit: one (1) lot of cigarettes, of the value of One Hundred Dollars ($100.00) or *962 more, the property of JACKSONVILLE TRANSFER and STORAGE, INC., without the consent of the owner or person entitled to possession, knowing that it had been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, contrary to Section 812.031, Florida Statutes.”
The verdict of the jury found that the defendant was “Guilty of receiving stolen property as charged ”. (Emphasis supplied).
After denying post trial motions the court adjudged the defendant guilty of “Receiving stolen property”. The judgment contained no finding that the defendant had prior knowledge that the property was stolen as found by the jury. In this respect the judgment does not follow, nor is it in accordance with the verdict.[1] The judgment is vacated and this cause is remanded to the trial court for the entry of a correct judgment. The other points argued here have been duly considered and found by us to be without merit.
Affirmed with directions for the entry of a correct judgment.
McCORD, Acting C. J., and MASON, ERNEST E., Retired Associate Judge, concur.

. Anderson v. State, 338 So.2d 209 (Fla. 3d DCA 1976). Also see Spurlock v. State, 281 . So.2d 586 (Fla. 4th DCA 1973); Biesendorfer v. State, 227 So.2d 322 (Fla. 4th DCA 1969); and Eagle v. State, 270 So.2d 468 (Fla. 4th DCA 1972).