BOOTH, Judge.
This cause is before us on appeal from the judgment of conviction and sentence of five years imprisonment entered in the Circuit Court, Washington County, following a jury verdict finding appellant guilty of violating Florida Statute § 812.031, in buying, receiving and/or concealing stolen property of a value of more than $100.
*767 Appellant contends that the verdict was defective, that the evidence was insufficient to support his conviction for the offense charged and that the sentence was defective because it failed to specify the amount of credit allowed for time spent in the county jail.
The information charges “buying, receiving and/or aiding in the concealment of stolen property — Florida Statute § 812.031” and specifies that appellant did:
“intentionally receive, retain, dispose of or aid in the concealment of any stolen property, to wit: assorted jewelry, watches, electric razor, camera, cosmetic items, 8 lamps, centurion clock, AM-FM Radio, cocktail table, the value of $100.00 Dollars or more, property of Watford Drug Store, South Sixth Street, Chipley, Florida, and Chipley Furniture Company, Railroad Avenue, without the consent of the owner or person entitled to possession, knowing that it had been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, in violation of Section 812.031, Florida Statutes.”
The verdict returned by the jury is as follows:
“We, the jury, find the defendant, Albert Kirkland, guilty of buying, receiving, and or concealing of stolen property of the value (sic) more than $100 . . .”
Appellant did not object to the form of the verdict and did not raise the point at trial. The original assignments of error filed in this Court do not make reference to any defect in the verdict, but motion has been filed for leave to file additional assignments of error directed to the verdict.
Appellant correctly points out that the verdict is defective in that it fails to state that defendant had knowledge that the property was stolen at the time he received it. Likewise the judgment which is, as required, the same as the verdict, also fails to state that appellant received the property with knowledge of its stolen character, and is defective. Eagle v. State, 270 So.2d 468 (Fla. 4th DCA 1972); Tadlock v. State, 343 So.2d 961 (Fla. 1st DCA 1977), both cases in which the cause was remanded for entry of a corrected judgment. In Russo v. State, 340 So.2d 1273 (Fla. 4th DCA 1976), the court held that a judgment adjudicating appellant guilty of buying or receiving or aiding in the concealment of stolen property, as charged in the information, was not defective despite its failure to recite knowledge on defendant’s part of the stolen character of the property, because of the reference to the charge in the information which did include a reference to the knowledge on defendant’s part.
In Spurlock v. State, 281 So.2d 586 (Fla. 4th DCA 1973), cert. denied 286 So.2d 207 (Fla.1973), the verdict was defective in that it failed both to state the value of the stolen goods and to allege that defendant knew that the goods were stolen. Defendant failed to object to the verdict, however, and the court held that there was “no reviewable judicial act.” In Spurlock, supra, the judgment, which also failed to recite knowledge on defendant’s part, was corrected on remand, the court holding:
“The jury verdict failed to fix the value of the stolen goods and to allege defendant knew the goods were stolen.
[[Image here]]
. As defendant concedes he failed to object below to the verdict, he failed to move for a new trial, and never attacked the verdict by a proper motion in arrest of judgment so that there is no re viewable judicial act; ergo, there is no merit to defendant’s first point on appeal .
The cases establish that defects in the form of the verdict, such as in this case, are waived on failure to object at some point during the trial proceedings. Richardson v. State, 345 So.2d 380 (Fla. 3d DCA 1977); McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971); Biesendorfer v. State, 227 So.2d 322 (Fla. 4th DCA 1969); c.f. Anderson v. State, 338 So.2d 209 (Fla. 3d DCA 1976).
Appellant’s point directed to the sufficiency of the evidence is not supported by the record, and, therefore, does not present *768 error. The jury heard the appellant’s version of his lack of knowledge regarding stolen items which were found in the apartment he shared with another individual, and found his testimony not worthy of belief.
Appellant’s third point, failure to specify the amount of time served in the county jail as credit on his sentence, has merit. This defect can be remedied on remand to the trial court.
Accordingly, the judgment below is REVERSED and the cause REMANDED with directions to the trial court to enter a proper judgment, and to correct sentence so as to specify the amount of credit for jail time served. Defendant need not be present.
BOYER, Acting C. J., and MILLS, J., concur.