BASKIN, Judge.
Defendant Joseph Council was convicted of grand theft second degree based upon his presentation of a $175 check to a package store employee for cashing. The trial court withheld adjudication and placed him on probation for one year. We reverse.
Section 812.014, Florida Statutes (1981) requires proof of intent to deprive another person of a right to or benefit from the property involved. The state presented no evidence of Council’s intent to commit theft, State v. Allen, 362 So.2d 10 (Fla. 1978), and failed to establish that Council knew the cheek he had received in payment for homosexual activities was worthless. See Myers v. State, 115 Fla. 627, 155 So. 797 (1934); Anderson v. State, 338 So.2d 209 (Fla. 3d DCA 1976), cert. denied, 352 So.2d 174 (Fla.1977); Spurlock v. State, 281 So.2d 586 (Fla. 4th DCA 1973). The account on which the check was drawn had been closed, but the state did not call the *441 drawer of the check as a witness. Thus, Council’s explanation that he believed the check to be good was unrefuted and constituted a reasonable hypothesis of innocence requiring reversal. Fisk v. State, 138 Fla. 815, 190 So. 10 (1939); A.R. v. State, 393 So.2d 1174 (Fla. 3d DCA 1981). The circumstantial evidence that a caller had attempted to verify the check while Council left the store may have demonstrated Council’s desire to hasten the transaction, but did not establish that Council knew the check was worthless.
Reversed.