CAMPBELL, Judge.
Appellant, the State of Florida, appeals the trial court’s order granting appel-lee/cross-appellant’s, Glen E. Sapp, motion for new trial. Appellee/cross-appellant cross-appeals the trial court’s denial of his motion for judgment of acquittal. We conclude that the trial court was in error in failing to grant appellee/cross-appellant’s motion for judgment of acquittal and, therefore, reverse on the cross-appeal making it unnecessary to discuss the issue raised by appellant on appeal.
At all times pertinent to the issues involved in this appeal, appellee/cross-appel-lant was the sheriff of Charlotte County, Florida. Two indictments were returned by the grand jury of Charlotte County against appellee/cross-appellant. The first indictment involved in this appeal charged appellee/cross-appellant with grand theft in the second degree in violation of section 812.014, Florida Statutes (1983). The second indictment charged appellee/cross-ap-pellant with violation of section 839.08, Florida Statutes (1983), in that while being a public officer he purchased supplies from himself in violation of the aforesaid statute.
The property which was the subject of the alleged purchase in the second indictment was a Cessna 150 aircraft in which appellee/cross-appellant had at one time owned an interest. The property which was the subject of the grand theft indictment was funds paid by Charlotte County, between the period of January 1, 1983 and April 1, 1984, pursuant to a lease of that same aircraft, and paid specifically for hangar rent, fuel, insurance, repairs and upkeep on the aircraft.
The evidence is undisputed that the Charlotte County Sheriff’s Office had the exclusive use of the aircraft during the period of time relating to the grand theft indictment. The trial court, finding insufficient evidence in regard to the misdemeanor indictment involving the purchase of the aircraft, granted a motion of acquittal in regard to that indictment.
The facts essential to this appeal indicate that in March, 1981, appellee/cross-appel-lant and three other individuals who were deputy sheriff’s purchased a Cessna 150 aircraft. The aircraft was to be used by the deputy sheriffs for the benefit of the sheriff’s department. Appellee/cross-ap-pellant and the other three owners, during this original period of time, paid for all insurance, maintenance, oil and hangar expenses. When the aircraft was used for law enforcement business by the Charlotte County Sheriff’s Office, the sheriff’s department paid only for the fuel used.
Ultimately, appellee/cross-appellant and the other owners of the aircraft determined that they could no longer afford to provide the aircraft to the sheriff’s department at their own expense. Mr. Donald Rogers, who was often a benefactor of the Charlotte County Sheriff’s Office, was approached to see if he would consider purchasing the aircraft and leasing it to the department. Mr. Rogers agreed to purchase the aircraft, and title was transferred to Rogers Seawall Company, in which Rogers was the principal interested party, on approximately January 1, 1983. The Charlotte County Sheriff’s Department then leased the aircraft from Rogers Seawall under a written lease which provided that the sheriff’s department would have the exclusive use of the aircraft and, in turn, would be required to pay for maintenance, hangar expenses, insurance and fuel. It is for those payments by the Charlotte County Sheriff’s Office that appel-lee/cross-appellant is charged with grand theft.
The theory of the state was that since appellee/cross-appellant was a beneficial owner of the aircraft during this period of time, the assumption of those payments by *705 the Charlotte County Sheriffs Office pursuant to the lease resulted in Charlotte County being deprived of those funds to the use and benefit of appellee/cross-appel-lant who would have otherwise been responsible for a portion of the payments. The problem with the state’s theory and position in that regard is that while the evidence might be construed to show a benefit to appellee/cross-appellant, there is no evidence that would support a finding that Charlotte County was deprived of the use or the value of the money. Thus, there is no evidence which would support a finding that appellee/cross-appellant had an intent to commit theft.
To satisfy the provisions of section 812.-014, it must be shown that one party benefited from the use of property and that the party from whom the property was obtained suffered a corresponding detriment. There must be evidence establishing proof of intent to deprive another person of a right to or benefit from the property involved. Council v. State, 443 So.2d 440 (Fla. 3d DCA 1984). The state failed to present the necessary evidence to sustain a finding of guilt pursuant to section 812.014 in this case. There is no question that during the period alleged in the indictment, January 1, 1983 to April 1, 1984, the Charlotte County Sheriff's Office paid $1,252.69 for fuel, $601.42 for repairs and maintenance, $1,201.32 for hangar rent, and $2,629.00 for insurance. The record, however, is devoid of any proof that those payments did not represent full value for the use of the aircraft that was in the exclusive possession of the Charlotte County Sheriffs Office during that period of time. There was evidence that Charlotte County benefited in fines amounting to $14,475.00 generated from the use of the aircraft. Therefore, the value of any sums which Charlotte County was allegedly deprived the benefit of was never established.
Proof of value is essential to a conviction for grand theft and must be established beyond and to the exclusion of every reasonable doubt. In proving that value, it is not sufficient to infer that the Charlotte County Sheriffs Office did not receive full value for the monies it expended when a contrary inference may just as well be drawn. Weatherspoon v. State, 419 So.2d 404 (Fla. 2d DCA 1982).
In the final analysis, while the conduct of appellee/cross-appellant arguably may not have been as responsible as it should have been as a public officer, and while it may show that he benefited from that conduct, that is insufficient to establish the criminal intent necessary to find him guilty of depriving Charlotte County of the value of its property so as to constitute grand theft. State v. Allen, 362 So.2d 10 (Fla.1978); State v. Stenza, 453 So.2d 169 (Fla. 2d DCA 1984); Crawford v. State, 453 So.2d 1139 (Fla. 2d DCA 1984).
We, therefore, in regard to appel-lee/cross-appellant’s cross-appeal, reverse and remand to the trial court with instructions to enter a judgment of acquittal in regard to the indictment charging him with grand theft.
DANAHY, C.J., and LEHAN, J., concur.