515 So.2d 423 (1987)
B.P., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-2334.
District Court of Appeal of Florida, Third District.
November 17, 1987.
Bennett H. Brummer, Public Defender, and Bennet Lapidus, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michele L. Crawford and Margarita Febres, Asst. Attys. Gen., for appellee.
Before HENDRY, BASKIN and DANIEL S. PEARSON, JJ.
PER CURIAM.
The appellant, then a sixteen year old youth, was charged in a June, 1984 petition for delinquency with grand theft of sapodillas (a tropical fruit) from a grove in Dade County. The testimony and evidence before the trial court showed that the juvenile appellant agreed to go with two men for whom he recently had worked delivering newspapers, on a trip to pick some fruit. The men told the juvenile that they planned to take the fruit to Texas and sell it there. After they had picked and paid for some fruit, one of the men stopped to speak to a worker in another grove. The juvenile did not hear the conversation, but he assumed the men had been given permission to pick sapodillas, since they started to do so. The juvenile and the two men were discovered by a grove watchman as they were picking the fruit.
Reversal is urged on the grounds that the state's case lacked sufficient evidence to establish two of the requisite elements of grand theft: the value of the stolen fruit and the juvenile's intent to commit the criminal offense.
We have concluded from a careful review of all of the evidence that the adjudication of delinquency must be reversed because the evidence does not support a finding of intent to commit theft. In a prosecution for theft under section 812.014, Florida Statutes (1983), the state must prove the accused's "intent to deprive another person of a right to or benefit from the property involved." Council v. State, 443 So.2d 440 (Fla. 3d DCA 1984). To sustain an adjudication of delinquency, proof of the juvenile's guilt must be established beyond a reasonable doubt. J.D.D. v. State, 268 So.2d 457 *424 (Fla. 4th DCA 1972). While the intent required to support a conviction of theft may be established by circumstantial evidence, the proof must not only be consistent with guilt, but also inconsistent with any reasonable hypothesis of innocence. J.D.D. v. State, 268 So.2d at 458.
The totality of the evidence presented in this case was not inconsistent with the reasonable hypothesis of innocence established by the juvenile's testimony that he was merely assisting his former employers, at their request, in what he believed was a lawful endeavor. Thus, the juvenile's "unrefuted, exculpatory and not unreasonable explanation" of his actions "rendered the state's case ... insufficient as a matter of law to establish guilt." R.M. v. State, 450 So.2d 897, 898 (Fla. 3d DCA 1984) (quoting R.A.L. v. State, 402 So.2d 1337 (Fla. 3d DCA 1981).
In view of our holding, we find it unnecessary to discuss the remaining issue as to the sufficiency of the proof of value.
Reversed.