WALDEN, Judge.
Appellant was convicted of attempted robbery. He appeals on two grounds:
1. That his conviction was based on circumstantial evidence and that such evidence is not sufficient because it is not inconsistent with every reasonable hypothesis of innocence, and
2. That the trial court erred in failing to instruct the jury on the law of circumstantial evidence as requested by the defense.
Appellant’s contentions are without merit. We affirm.
Appellant’s conviction was not based solely on circumstantial evidence. There was this direct evidence: the victim of the robbery, a witness and cook at a Royal Castle, witnessed the removal of money from her cash register by a man, not appellant, and then witnessed a demand by the appellant for a portion of the proceeds. When the other man left the restaurant, appellant pursued him, saying, “Hey, wait for me. I want some of that.” The two men, while having an altercation in the street were apprehended by police.
This evidence, together with the other circumstances brought out in the State’s case, was sufficient as being inconsistent with every reasonable hypothesis of innocence. See, McBride v. State, 191 So.2d 70 (Fla.App. 1st 1966).
While it would have been proper for the trial court to have given an instruction on circumstantial evidence, we are persuaded that the failure to do so was not harmful or prejudicial to a degree as would require a reversal. A consideration of all the charges and a review of the direct evidence lead us to this conclusion. State v. Anderson, 270 So.2d 353 (Fla.1973).
Affirmed.
OWEN, C. J., and DOWNEY, J., concur.