BERANEK, Judge.
Defendant appeals his conviction and a 15-year sentence on a charge of first degree arson and raises two points. The first point relates to the introduction of a confession given without Miranda warnings. The second point relates to the trial court’s failure to instruct on circumstantial evidence. We reverse on both grounds.
Defendant was incarcerated in the Orange County Jail awaiting sentencing on an unrelated charge. A mattress fire occurred in the defendant’s cell. Defendant was handcuffed, removed from the cell, and placed in a holding cell on another floor in the jail.
The correctional officers in the jail facility extinguished the mattress fire which was not of a serious nature. They subsequently began an investigation. Clearly, the defendant/appellant was the focus of this investigation. Defendant was questioned but was not given any warning as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). During this questioning, defendant admitted setting the fire.
Before trial, defendant’s motion to suppress the confession was denied. The case proceeded to trial and the corrections officer was allowed to testify as to defendant’s confession. The other evidence in the ease was that the fire occurred in defendant’s cell, defendant was the sole occupant of the cell, and defendant was found with a book of matches in his hand. The trial court refused to instruct on circumstantial evidence despite defense counsel’s request.
Under the facts of this case, the trial court erroneously denied the defendant’s motion to suppress and prejudicial error occurred when the defendant’s confession was allowed in evidence in the State’s case in chief. This has been established in Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381 (1968) as adopted by the Florida Supreme Court in Young v. State, 234 So.2d 341 (Fla.1970), where a defendant in custody on another charge was questioned without Miranda warnings. In the circumstances of this case it is clear that the defendant was the focus of custodial interrogation without any warnings as to his Miranda rights and that this interrogation resulted in the incriminating statements used against him. The situation was not one of exigent circumstances nor a situation where the investigation was merely addressed to persons in the vicinity of a recently committed crime.
It was also error for the trial court not to instruct on circumstantial evidence. Absent the defendant’s confession, there was no other direct evidence. An instruction on circumstantial evidence should have been given. The case is reversed and remanded to the trial court for further proceedings consistent herewith.
REVERSED AND REMANDED.
DAUKSCH, J., and GREEN, OLIVER L., Jr., Associate Judge, concur.