ON RETURN OF MANDATE
PER CURIAM.
The Florida Supreme Court, in its decision of State v. Bobbitt, 415 So.2d 724 (Fla.1982), quashed the decision of this court reported at 389 So.2d 1094 (Fla. 1st DCA 1980), and “remanded for further proceedings consistent with this opinion.”
The issue now presented for our consideration is the effect of the decision of the Florida Supreme Court in reversing one of two holdings of this court’s opinion. Our prior decision held: (1) that the “castle doctrine” instruction should have been given; and (2) that defendant’s evidence as to self-defense created a reasonable doubt as to her guilt, which doubt was not overcome by evidence adduced by the State. The defendant urges that the two holdings are independent of each other; the State argues that they are not. We construe the opinion of the Florida Supreme Court and its mandate to this court to leave the question of the dependence or independence of the holdings in the prior opinion of this court as a matter for our determination.[1]
*363 Accordingly, we have reviewed this issue and determined that, in fact, the two holdings are independent, so that the reversal of the first holding with regard to the “castle doctrine” does not affect the continued validity of the second holding, which is supported by a substantial line of authority dealing with self-defense independent of the “castle doctrine.” Diaz v. State, 387 So.2d 978 (Fla. 3d DCA 1980); Ferguson v. State, 379 So.2d 163 (Fla. 3d DCA 1980); McKnight v. State, 341 So.2d 261 (Fla. 3d DCA 1977), cert. denied, 348 So.2d 953 (Fla.1977); Bolin v. State, 297 So.2d 317, 319 (Fla. 3d DCA 1974), cert. denied, 304 So.2d 452 (Fla.1974); Neveils v. State, 145 So.2d 883, 885 (Fla. 1st DCA 1962); Mayo v. State, 71 So.2d 899, 903 (Fla.1954); Lane v. State, 32 So. 896, 899 (Fla.1902).
In view of this interpretation of our decision in the light of the decision of the Florida Supreme Court, the judgment of conviction below is reversed, and the trial court is directed to discharge defendant from custody.
McCORD, BOOTH and LARRY G. SMITH, JJ., concur.

. Our construction is based upon a comparison of the Supreme Court’s unpublished original opinion rendered April 8, 1982 and its official opinion published at 415 So.2d 724 (Fla.1982). In its original opinion, the Supreme Court stated that:
Since we hold that the trial court did not err in not instructing the jury that Bobbitt had no duty to retreat in her home, the underlying premise for the district court’s conclusion that she should be discharged no .longer exists. The district court’s holding that the evidence was not sufficient as a matter of law to support the manslaughter conviction was predicated on its preliminary conclusion that Bobbitt had no duty to retreat.
Accordingly, we quash the decision of the district court and remand with directions to reverse the order of the trial court granting a new trial.
The official published opinion rendered June 24, 1982, following appellee’s petition for rehearing, states as follows:
Having determined that there was no duty on the part of Bobbitt to retreat and, therefore, that any finding by the jury regarding failure to retreat was irrelevant, the First District *363 considered in this light whether, as a matter of law, the evidence supported the manslaughter conviction in view of Bobbitt’s plea of self-defense. It held that it did not, and it reversed the conviction and remanded with directions to discharge Bobbitt.

Accordingly, we quash the decision of the district court and remand for further proceedings consistent with this opinion.