442 So.2d 334 (1983)
Marcus NEWBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 82-711.
District Court of Appeal of Florida, Fifth District.
December 8, 1983.
James B. Gibson, Public Defender, and Frederick B. Karl, Jr., Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The issue presented by this appeal is whether or not the state presented a sufficient case to survive defense motions for *335 judgment of acquittal made at the conclusion of the state's case and the entire evidence. The appellant relies upon the argument that the circumstantial evidence against him did not exclude every reasonable hypothesis except guilt, citing Solomon v. State, 115 Fla. 310, 156 So. 401 (1934). This standard was expressed in McArthur v. State, 351 So.2d 972, 976 n. 12 (Fla. 1977): "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." It was recently reiterated in Williams v. State, 437 So.2d 133 (Fla. 1983), and Jaramillo v. State, 417 So.2d 257 (Fla. 1982).
The appellant, Marcus Newberry, was charged with, and ultimately convicted of, dealing in stolen property. The facts adduced by the state at trial revealed that James Aaron, an off-duty detective for the Orange County Sheriff's Office, was en route to a commercial recycling plant on Saturday morning, November 7, 1981, when he observed Newberry and his brother, Daniel, both of whom he knew, loading pieces of corrugated aluminum drainage pipe into an automobile. The pipe had been unearthed and broken into pieces by a construction company, then left on the public right-of-way outside of the fenced construction area. The Newberrys loaded the scrap aluminum into their car and made two trips to the recycling plant, selling the pieces at the plant for $52.80. At the recycling plant, Marcus Newberry told Aaron that a subcontractor had given them permission to take the pipe, and Daniel said that the pipe had come from Kissimmee, Florida.
A representative of the construction company stated that, even though the scrap pipe was piled up near the road outside the fenced construction area, it was going to be taken to the recycling plant the following Monday and sold. The representative also stated that the defendant did not have the company's permission to take the scrap pipe. The pipe was described by the witness as "bent and dirty and not useable as drainage pipe." After the conclusion of the state's case, the defendant, Newberry, took the witness stand on his own behalf and stated that he believed that the pipe had been abandoned.
On appeal, Newberry contends that his motion for judgment of acquittal should have been granted because, based upon the state's uncontroverted circumstantial evidence, there was a reasonable hypothesis of innocence, i.e., a person of ordinary intelligence and caution would have believed the pipes were abandoned. The state, on the other hand, asserts that the matter was properly submitted to a jury, which made factual findings adverse to the defendant.
In attempting to avoid the circumstantial evidence rule argued by the appellant, the state contends that it did not rely solely on circumstantial evidence to prove its case, since Officer Aaron "observed the defendants stealing the stacked pipe (which was not on the right-of-way)," saw the Newberrys sell the pipe, and heard them lie to him about their authority and the source of the pipe. Thus, says the state, there was "direct evidence of taking, selling, and evasion (guilty knowledge)." Part of the corpus delecti of the crime charged herein is guilty knowledge. Hutton v. State, 332 So.2d 686 (Fla. 1st DCA 1976).
The state's parenthetical assertion in its brief that the stacked pipe was not on the road right-of-way is contradicted by its own evidence at trial, the testimony of the field superintendent, one Ervin Vancise. The latter testified that the damaged pipe was lying in groupings about thirty feet off the paved roadway, surrounded by sawhorses to protect the open drainage ditch from which the pipe had been removed by a backhoe, and that it was located on the public right-of-way.
Appellant's argument runs aground, however, in that it requires a finding by the trial court, as a matter of law, that the damaged pipe appeared to be abandoned from the standpoint of a reasonable man. Given the evidence that the pipe was recently excavated, was stacked in groupings beside the road next to the *336 drainage ditch, and was surrounded by sawhorses, coupled with the evidence of the defendant's guilty knowledge, a question of fact for the jury was presented. An appellate court should not reverse a judgment where there is substantial, competent evidence to support the jury verdict. Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983).
We do not view Rose as inconsistent with the circumstantial evidence rule recited in Solomon, and later in a number of other Florida Supreme Court cases,[1] including McArthur, Jaramillo and Williams. The difference between Rose and these cases is simply a semantic one: where there is a reasonable hypothesis of innocence based on undisputed circumstantial facts, without resort to weighing issues of credibility, there can be no basis for a verdict of guilt (beyond and to the exclusion of every reasonable doubt)  hence, there would be an absence of substantial (as opposed to merely competent) evidence to submit to a jury. In the instant case, as the Supreme Court found in reviewing the evidentiary facts in Rose, we determine, as did the trial judge, that there was substantial, competent evidence to support a jury verdict of guilt, and that a jury could properly determine that the hypothesis of innocence advanced by the defendant was not reasonable. In a purely circumstantial evidence case, the trial court, of necessity, must initially determine, based on the facts of the case, whether or not the defense theory of innocence is reasonable as a matter of law so as to preclude submission to a jury.
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] See, e.g., Driggers v. State, 164 So.2d 200 (Fla. 1964); Davis v. State, 90 So.2d 629 (Fla. 1956); Mayo v. State, 71 So.2d 899 (Fla. 1954); Head v. State, 62 So.2d 41 (Fla. 1952).