450 So.2d 587 (1984)
Peter LOWERY, Appellant,
v.
STATE of Florida, Appellee.
No. AT-278.
District Court of Appeal of Florida, First District.
May 18, 1984.
*588 P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Gregory C. Smith, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Lowery appeals his conviction and sentence for robbery with a firearm. Appellant contends that the trial court erred in denying his motion for judgment of acquittal because the State failed to establish that appellant perpetrated the robbery. We disagree and affirm.
The State's evidence against appellant was entirely circumstantial. It is true, as argued by appellant, that circumstantial evidence is insufficient to support conviction if it fails to exclude every reasonable hypothesis of innocence. Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981). It is also true, however, that the test to be applied in reviewing the denial of a motion for judgment of acquittal is not whether in the opinion of the trial judge or appellate court the evidence fails to exclude every reasonable hypothesis of innocence, but whether the jury must reasonably so conclude. Pressley v. State, 395 So.2d 1175 (Fla. 3d DCA), rev. denied, 407 So.2d 1105 (Fla. 1981). Stated otherwise, the test is whether the jury, as trier of fact, might reasonably conclude that the evidence excluded every reasonable hypothesis but that of guilt. Knight v. State, 392 So.2d 337 (Fla. 3d DCA), rev. denied, 399 So.2d 1143 (Fla. 1981).
In the instant case, we think the circumstantial evidence was sufficient. Appellant, while arguing that the evidence does not exclude every reasonable hypothesis of innocence, has not suggested to this court any such hypothesis. Nor can we, after reviewing the record, imagine any hypothesis of innocence so plausible that the jury could not have rejected it as unreasonable. Brown v. State, 369 So.2d 91 (Fla. 1st DCA 1979), relied upon by appellant, is factually distinguishable.
AFFIRMED.
BOOTH and JOANOS, JJ., concur.