454 So.2d 641 (1984)
Julie Catherine DUNN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-566.
District Court of Appeal of Florida, Fifth District.
July 19, 1984.
Rehearings Denied August 22, 1984.
*642 James B. Gibson, Public Defender, and Cynthia Karl-Stamm, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Shawn L. Briese, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Chief Judge.
The defendant, Julie Dunn, was convicted after jury trial of the second-degree murder of her boyfriend, Steven Flanagan. At trial the state proved, without dispute, that Dunn shot and killed Flanagan with a rifle in the home they shared. The state also introduced evidence from various witnesses that Dunn previously had threatened to kill Flanagan because of his philandering. This established the corpus delicti.
One witness, Edith Cope, testified that some six weeks after the shooting, Dunn, after extracting a promise of secrecy, confessed to her that she had "shot Steve on purpose" while he was sitting on the couch after she went into the bedroom and got the rifle. She admitted that he had not raped or beaten her as she had previously told the police. Dunn told Cope that she was upset and angry with Steve because the night before the shooting he again had been out with another woman. This testimony was admitted into evidence at trial without objection and its admissibility is not challenged on appeal.
This confession of guilt constituted direct, not circumstantial, evidence. Lee v. State, 362 So.2d 692 (Fla. 4th DCA 1978); McCormick, Handbook of the Law of Evidence § 185 (2d ed. 1972). Even in the absence of the confession, we would still affirm on authority of our recent opinion in Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983). We reject, however, the views expressed by the special concurring opinion in regard to circumstantial evidence. Concurring opinions do not represent precedential authority.
AFFIRMED.
SHARP, J., concurs.
COWART, J., concurs specially with opinion.
COWART, Judge, concurring specially:
This case involves one of the most difficult questions regularly presented to the criminal trial judge: What is the difference between the sufficiency and the weight of evidence and, more particularly, what is the rule of law on a motion for a judgment of acquittal in a circumstantial evidence case and how should that rule be applied?
The State presented a circumstantial evidence case of murder against defendant *643 (appellant) who asserted self-defense. As defendant was the only eyewitness to survive the event in question the case was essentially one of facts and circumstances presented by the State which implied a premeditated death against the testimonial evidence of defendant who asserted self-defense. The trial court denied a motion for a judgment of acquittal and the jury returned a verdict of second degree murder. Defendant claims the trial court erred in denying the judgment of acquittal because the State had not sufficiently negatived defendant's testimony as to self-defense. The majority affirms asserting that this is not a circumstantial evidence case because the defendant confessed her guilt.
This case cannot be properly disposed of on the basis that the defendant confessed her guilt. She did not. It is elementary that before any confession or admission of criminal guilt is even admissible into evidence the State must first prove the corpus delicti of the crime by independent prima facie evidence. Because the shooting or even killing of another person may be justifiable (see § 782.02 and ch. 776, Fla. Stat.) or excusable (see § 782.03, Fla. Stat.), the presumption of innocence acts to prevent proof of mere shooting or killing from being prima facie evidence of an unlawful homicide and the State must produce further evidence which implies a wrongful mental intent to the perpetrator. In this case, as in most such cases, the evidence that the killing was unlawful consists of circumstantial evidence as to the facts surrounding the killing and, particularly, as to the defendant's specific mental intent which is an essential constituent element of the unlawful homicide charged (first degree murder, § 782.04(1)(a)1., Fla. Stat.). The State did present a witness, Edith K. Cope, who testified that the defendant stated that the decedent, who was the defendant's live-in boyfriend, had beat up the defendant, had tied the defendant up with a satin pillowcase and had raped the defendant; that the decedent had threatened the defendant with a knife and had chased her through the house with a gun; that they had struggled over the gun and that when he dropped it, she had picked it up and that it just "went off." With telling discrepancies this was substantially the same story the defendant told the police and jury.[1] At best it was an admission that the defendant shot the decedent. She did not even admit she killed him much less did she "confess" that she intentionally and unlawfully killed him from a premeditated design. Obviously defendant's position was that the circumstances implied that the homicide was either justified or excusable and therefore not unlawful. The evidence that convinced the jury that the defendant unlawfully caused the decedent's death by an imminently dangerous act evincing a depraved mind regardless of human life (second degree murder, § 782.04(2), Fla. Stat.), was all circumstantial.
The process of weighing evidence involves determining the total convincing force and effect of all the evidence as to every issue and this includes weighing and comparing the strength of the implication of guilt as against the original presumption of innocence as augmented by the strength of any implication of innocence arising from circumstantial evidence as well as determining the accuracy and credibility of every witness and, in a criminal case, the reasonableness of any doubt as to guilt. The trier of the facts, in the application of common sense and general experience, may give some evidence great weight and other evidence little or no weight, may draw or decline to draw inferences, may consider inferences to be strong or weak, and on the basis of credibility or lack of credibility may accept or reject all or any part of the testimony of any witness, including that of *644 the defendant whether or not such testimony is contradicted or refuted. Therefore, in a criminal jury trial all such matters are for the jury under proper instructions as to the law and are not matters to be decided as law by the trial court on motion or the appellate court on review.
Defendant cites many cases[2] in which appellate courts have encroached upon the province of the jury by determining as a matter of law either (a) that the jury could not believe or could not disbelieve the testimony of some particular witness, or (b) that some suggested possibility (hypothesis) of innocence sounded so reasonable to the appellate court that, as a matter of law, the jury, after weighing all the evidence and all possible inferences, was not allowed to disregard what the jury considered to be a slight or weak or remote possibility of innocence (which nearly always rests upon the credibility of the defendant's testimony) and to accept what the jury considered to be a strong or satisfying or overwhelming probability of guilt. The viability of the cases cited by defendant, note 2, supra, is questionable in view of better reasoned cases which recognize the jury question inherently involved. See, e.g., Williams v. State, 437 So.2d 133 (Fla. 1983); Rose v. State, 425 So.2d 521 (Fla. 1982), cert. den., ___ U.S. ___, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983); Tibbs v. State, 397 So.2d 1120 (Fla. 1981), aff'd, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982);[3]State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981); Teague v. State, 390 So.2d 405 (Fla. 5th DCA 1980); Bouler v. State, 389 So.2d 1197 (Fla. 5th DCA 1980); Knight v. State, 392 So.2d 337 (Fla. 3d DCA 1981), review denied, 399 So.2d 1143 (Fla. 1981); Lowery v. State, 450 So.2d 587 (Fla. 1st DCA 1984).
The difference between the view represented by the line of cases cited by defendant (note 2, supra) and the view represented by the line of cases cited in the text above, while subtle, is not merely a semantical one, as asserted in Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983),[4] but is real and signifies change and improvement in the law.
Until recently, most Florida cases considered the circumstantial evidence rule to be a rule of law concerning which the trial *645 judge had to instruct the jury and which the trial judge had to apply, as a matter of law, in ruling on motions for judgment of acquittal and motions for new trial, and which appellate courts should apply when reviewing orders denying such motions and when considering the sufficiency of the evidence on appeal. Many of the cases cited in note 2, supra, are examples of that view. Cases cited in the text above appear to constitute a substantial and astute shift toward a recognition that circumstantial evidence is not so different in kind from direct or testimonial evidence as will support any special procedural or substantive rule of law.
More than twenty years ago a jury instruction on circumstantial evidence was absolutely essential and appellate courts, then as later, did not hesitate to review the circumstantial evidence in a case and to search for some hypothesis or possibility of innocence and, finding it, to judge it to be reasonable and to reverse the case without regard to the weight or strength of the inference supporting the jury's finding of guilt. Although the strength of an inference relates to the weight of the evidence rather than its sufficiency, before Tibbs v. State, 397 So.2d 1120 (Fla. 1981), such cases were usually reversed for a new trial. It has been generally held that in a circumstantial evidence case regardless of the lack of credibility of the evidence supporting an inference of innocence, or the causal weakness of that inference, it could not be overcome and the defendant could not be found guilty merely because of a stronger, more overwhelming inference of guilt based on more reliable evidence. It has been repeatedly stated that "it is not enough that the facts create a strong probability of, and are consistent with, guilt. Rather, for a conviction to stand, those facts must also eliminate all reasonable hypothesis of innocence" (Gawronski v. State, 444 So.2d 490 (Fla. 2d DCA 1984)); that merely because the evidence "establishes some finite probability in favor of one hypothesis [guilt] rather than another [innocence]" such evidence "cannot amount to proof, however great the probability may be" (Harrison v. State, 104 So.2d 391, 395 (Fla. 1st DCA 1958)); and that "the law does not deal in probabilities, but in proof of guilt beyond a reasonable doubt" (R.D.S. v. State, 446 So.2d 1181 (Fla. 3d DCA 1984)). These are amazing statements in view of the fact that all proof of all facts is always a matter of probabilities and that all belief in the existence of all facts is only to a degree of probability.[5] *646 However, there have always been judges that have understood that it is the function of the jurors to measure the relative strength and reasonableness of differing inferences that can be drawn from the circumstances. See, e.g., the dissent of Judge Wallace E. Sturgis in Harrison, supra.
The influence of the circumstantial evidence rule as a rule of law has waned in Florida in the last fifteen years. First came cases holding that a jury instruction as to circumstantial evidence was necessary only where the State's case was solely circumstantial, see, e.g., Anderson v. State, 255 So.2d 550 (Fla. 2d DCA 1971), rev. on other grounds, 270 So.2d 353 (Fla. 1972). Later other cases applied the harmless error statute, see, e.g., Rose v. State, 310 So.2d 401 (Fla. 4th DCA 1975). A circumstantial evidence jury charge was included in the original jury instructions in criminal cases approved in 1970 by the Florida Supreme Court (240 So.2d 472) but was soon criticized (see, e.g., Willcox v. State, 258 So.2d 298 (Fla. 2d DCA 1972)), and revised and has now been eliminated (see In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981). In eliminating the jury instruction as to circumstantial evidence the supreme court cited Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Holland not only justified eliminating the jury instruction on circumstantial evidence but it is also instructive as to the lack of real difference between circumstantial and direct evidence:
Circumstantial evidence in this respect is intrinsically no different from testimonial evidence. Admittedly, circumstantial evidence may in some cases point to a wholly incorrect result. Yet this is equally true of testimonial evidence. In both instances, a jury is asked to weigh the chances that the evidence correctly points to guilt against the possibility of inaccuracy or ambiguous inference. In both the jury must use its experience with people and events in weighing the probabilities. (emphasis supplied). 348 U.S. at 140, 75 S.Ct. at 137.
The point is that many cases[6] in the past have erred in not recognizing that the weight of all evidence, direct (testimony) or circumstantial, is a matter of probabilities, is never absolute, is always a matter of degree, and that, in weighing the total convincing force and effect of all the evidence in a case, it is the proper function of the jury, and conversely not that of the courts, to use their common sense, experiences and reasoning processes to draw and compare and weigh the relative strength, weaknesses, reasonableness and probability of the various inferences and conclusions that the evidentiary facts and circumstances may imply, in just the same way that testimonial evidence is compared and evaluated and conflicts resolved by the jury on the basis of credibility, possible error, reasonableness and probability.
The Florida supreme court recently recognized that the jury determines the inferential connection between a presumed fact and the proven fact from which it is presumed and measures the strength and reasonableness of any rational connection. See State v. Williams, 444 So.2d 13 (Fla. 1984). The trend is to recognize that the courts should not draw inferences naturally *647 arising from implicative facts nor suggest such inferences to the jury. See, e.g., Whitfield v. State, 452 So.2d 548 (Fla. 1984), holding it reversible error for the trial court to instruct the jury that an inference of consciousness of guilt could be inferred from the defendant's refusal to submit to fingerprinting.
Other district court of appeal cases have clearly and explicitly held that the reasonableness of any suggested hypothesis of innocence is for the jury to consider. Lowery v. State, 450 So.2d 587 (Fla. 1st DCA 1984), states:
It is true, as argued by appellant, that circumstantial evidence is insufficient to support conviction if it fails to exclude every reasonable hypothesis of innocence. Peek v. State, 395 So.2d 492 (Fla. 1980), cert. denied, 451 U.S. 964, 101 S.Ct. 2036, 68 L.Ed.2d 342 (1981). It is also true, however, that the test to be applied in reviewing the denial of a motion for judgment of acquittal is not whether in the opinion of the trial judge or appellate court the evidence fails to exclude every reasonable hypothesis of innocence, but whether the jury must reasonably so conclude. Pressley v. State, 395 So.2d 1175 (Fla. 3d DCA), rev. denied, 407 So.2d 1105 (Fla. 1981). Stated otherwise, the test is whether the jury, as trier of fact, might reasonably conclude that the evidence excluded every reasonable hypothesis but that of guilt. Knight v. State, 392 So.2d 337 (Fla. 3d DCA), rev. denied, 399 So.2d 1143 (Fla. 1981).
As recently stated in Levey v. Getelman, 444 So.2d 1027 (Fla. 3d DCA 1984):
Where evidence is conflicting, or will admit of different reasonable inferences, the issue should be submitted to the jury as a question of fact, and not passed upon by the judge as a matter of law.
Almost the exact difference in views in this case as to how circumstantial evidence is evaluated and weighed and who, the judge or the jury, should weigh it, are set forth in the majority and dissenting views in Williams v. State, 416 So.2d 493 (Fla. 5th DCA 1982), quashed 444 So.2d 13 (Fla. 1984).
It has been endlessly restated that "circumstantial evidence must not only be consistent with the defendant's guilt but must be inconsistent with any reasonable hypothesis of innocence."[7] As a statement of law this sounds as wise as a tree full of owls. It is not an entirely incorrect statement, if correctly understood, but neither can it withstand close examination. This so-called rule of circumstantial evidence is only one specifically recognized and articulated rule of reason and logic and judgment, which matters are subject to subjective judgment and opinion, and is not an objective rule or doctrine of law justifying a court substituting its opinion for that of the jurors as to the weight, quality, character, reasonableness and probability in cases where the evidence is circumstantial anymore than in cases where the evidence is solely based on testimony and documents.[8] Further, it is a very ambiguous statement that is usually taken to mean whatever the reader desires. Worse, it is not exactly correct. Circumstances and indirect facts that are merely "consistent" with a hypothesis or possible conclusion have no probative value. While consistency and independence are basic logic concepts and while guilt and innocence are inconsistent concepts in a criminal law case, nevertheless, evidence and inferences deductible from evidence are often "consistent" with both guilt and innocence and, when so, constitute proof of neither. The more important and fundamental logical relation between evidentiary facts and inferences and factual (or legal) conclusions is that of implication. To have any probative value evidentiary facts must affirmatively imply some one conclusion rather than another. The word "hypothesis" in the above quoted *648 phrase is, unfortunately, often accepted to mean a proposition that can be offered as an abstract possibility and advanced by argument alone as a "reasonable" possibility without the necessity of direct proof or a supporting inference logically arising from implicative facts. The "circumstantial evidence rule" becomes harmful when "hypothesis" is used to denote a "reasonable" hypothetical possibility rather than a real "antithesis" or "possibility" supported by evidence and inferences accepted by, and satisfying to, the fact finder. In the dialectic process of resolving a jury criminal case based on circumstantial evidence the State's thesis is that the facts imply guilt beyond a reasonable doubt. The antithetical position of the defense is that (a) the facts do not imply guilt or (b) the implication of guilt standing alone is too weak and, therefore, is inadequate to overcome the presumption of innocence, or (c) the implication of guilt is weakened and overcome, or made insufficient, by direct evidence or by an opposing implication of the antithesis of innocence, arising from the same or other facts. The jury performs the third, or synthesis, stage of this investigatory, resolving process.[9] The only hypothetical involved is the legal presumption of innocence which casts on the State the original burden of proving the thesis of guilt. The probability or "reasonableness" of every possibility of innocence should be submitted to the jury for evaluation along with the evidence of guilt and only when the possibility of innocence is supported by direct evidence or inferences based on implicative facts should it be weighed by the jury and balanced against the weight of inferential evidence implying guilt. As to proof of the truth purely hypothetical suggestions have no probative value and no weight.
Total probability, or absolute truth, always equals 100 percent or "1." This means that the total of all possible inferences not only always equals the truth but that the strength, probability or likelihood of each possibility must necessarily vary inversely with that of all other possibilities. Each possibility or chance necessarily competes for likelihood (probability) against all other possibilities and none can be probable (more likely than not) unless all others are improbable (less likely than not). The possibility or probability of either of two alternatives can be equal (as is the possibility or probability of a head or tail on the single toss of a coin). However, both of but two conclusions cannot be more likely (probable) than the other at the same time. When all possible inferences must support or oppose but one of two possible conclusions, such as guilt or innocence, all inferences that support or strengthen the likelihood (probability) of one conclusion necessarily weakens, and reduces the likelihood of, the other conclusion. When there are but two alternatives (as guilt or innocence) the probability of either is necessarily exactly the inverse of the possibility of the other.[10] Therefore, when the weight of the evidence, that is, the total convincing force and effect of all of the evidence in a case, whether direct (testimonial or assertive) or circumstantial, or both, has reached the level of persuasion (that percentage of probability) of guilt that is described as "beyond a reasonable doubt", it is necessarily inconsistent with any reasonable possibility of innocence. There is no need for *649 a separate appraisal or evaluation of the always present, residual possibility of innocence in terms of its "reasonableness" or strength. The phrases "guilty beyond a reasonable doubt" and "a reasonable hypothesis of innocence" are each the converse, or antithesis, of the other and both are not needed as a separate rule of law. The rule of law establishing the standard of proof in criminal cases to be "guilt beyond reasonable doubt" is alone sufficient and the converse phrase "reasonable hypothesis of innocence" is but excess baggage that confuses and misdirects attention away from the positive expression of the standard of proof and should now be completely discredited and discarded as a rule of law.
The legal question as to sufficiency of circumstantial evidence should be treated the same as that relating to testimonial evidence. The focus should be only on the sufficiency of the evidence to go to the jury, that is, on the existence or non-existence of some competent substantial evidence[11] as to every essential constituent element of the offense charged, as to the accused being the perpetrator and as to the negative of any legally sufficient affirmative defense (such as insanity) as to which there is any affirmative evidence, from which the jury may draw an inference of guilt rather than on the reasonableness or unreasonableness of any particular suggested possibility (hypothesis) of innocence or the court's opinion as to the weight (quantity and quality) of the implicative evidence or the court's opinion as to the relative strength or weakness of the inferences that the jury may draw from the circumstantial evidence. The rule of law[12] should relate only to the sufficiency of the evidence to go to the jury and should be that in a criminal case there must be some competent substantial direct evidence, or some evidence from which reasonable people may draw an inference favorable as to every essential constitutent element of the offense charged, as to the accused being the perpetrator and as to the facts that are inconsistent with the existence of any legally sufficient affirmative defense (such as insanity) which has been asserted and concerning which there is any supporting evidence. Particularly with regard to circumstantial evidence, if reasonable persons can differ as to whether the circumstantial evidence implies guilt or innocence then a judgment of acquittal should be denied and the case submitted to the jury to draw the proper inference and, if the evidence supports contradictory reasonable inferences, such as guilt and innocence, it is for the jury to weigh and compare the contradictory inferences to determine if the probative strength of the inference of guilt overcomes the inference representing the possibility of innocence to the degree that the jury is satisfied and has no reasonable doubt as to guilt.
Except perhaps only when the trial tribunal learns facts of its own knowledge, as by a view or by judicial notice, all facts and circumstances from which inferences may be drawn must be proved by some person's assertion, hence there is no "purely circumstantial evidence case." Even assuming one, the reasonableness of the suggested *650 inferences and their relative strengths, weaknesses and probative weight (the strength of the rational or causal connection between each fact proved and each fact inferred), as well as determining the total net convincing power of all the evidence, should be for the jury except only in the rare event where the inferences that can be drawn from the same evidence are necessarily limited in number and are, for some peculiar reason, mathematically measurable as a matter of law. When this does occur then, and only then, does the question become one for the court and then only because its insufficiency is objectively discernible without regard to its weight. Although such a factual circumstance is unique, it occurs when the possible inferences, when compared, must necessarily stand equal as to guilt and innocence and, therefore, can be said, as a matter of law, to be legally insufficient to establish guilt beyond a reasonable doubt.[13]
The glory of the common law is its election to not decide cases by edict or precept based on some authoritative, unchanging code but to earn acceptance and respect by continually searching for the most rational rule to solve every controversy and, when found, to apply it to authoritatively decide the given case and to also furnish it as an example or precedent for future guidance of others in the same or analogous cases until a better, more rational or applicable, rule can be found. As the majority opinion states, concurring opinions have no precedential "authority." However, because individual opinions of a judge often search the rationale, scope and applicability of legal rules, principles and standards and offer analysis and proposals helpful for improvement of the body of the law and for the understanding and help of the bench and bar concerned with similar questions, they often serve the second, higher and more noble purpose of an appellate opinion and therefore have value. This is apparent from the frequency that both special concurring and dissenting opinions are cited in the reported cases. Left free, common law trial judges instinctively accept and use the best reasoning available because it most consistently leads to the best, most legally correct and just result under a rule of law based on reason rather than authority. Legal reasoning, when based on experience, logic and common sense, can be so obviously valid, as to be convincing, persuasive and even compelling, and when so, it does not need the authority of a majority.
Circumstantial evidence cases do not always have to be submitted to a jury. A circumstantial evidence case should go to the jury (1) when the truth of facts involves the credibility of witnesses because this goes to weight and not admissibility (see note 1, supra), and (2) when there is evidence, direct or inferred, having some definite positive probative value as to every essential constituent element of the offense charged (see note 11, supra) although there may be a difference of opinion as to whether inferable possibilities are reasonable or unreasonable and as to whether or not the reasonable inferable possibilities have aggregated into a probability of sufficient strength as to remove all reasonable doubt as to the inferred ultimate fact. If there is no direct or inferential (circumstantial) *651 evidence as to some essential element a judgment of acquittal should be entered.
The cases cited above, Williams, Rose, Tibbs, Stewart, Teague and Bouler, differ significantly from those cases cited by defendant and constitute an enlightened change in Florida law and delineate the proper line between the function of the court and the function of the jury in criminal cases as to evaluating and weighing the strength and weaknesses of inferences as to guilt and innocence in cases involving circumstantial evidence as well as to weighing testimonial evidence. In this typical case the inferences of guilt as to murder which the State sought to have drawn from the circumstantial evidence, as well as the credibility and weight to be given defendant's testimonial evidence as to self-defense, were both properly left to the jury to compare, evaluate and weigh.
NOTES
[1] These facts are not recited as an acceptance of their truth. The difference between the views of the two opinions in this case is not as to the facts but as to the law. The reference by the majority opinion to other testimony of the witness Cope as to other, contradictory, statements of the defendant only serves to illustrate that the credibility of both witnesses was a question of fact for the jury and that the jury was required to consider and draw inferences from the circumstantial evidence in order to determine the truth.
[2] Defendant cites McArthur v. State, 351 So.2d 972 (Fla. 1977); Driggers v. State, 164 So.2d 200 (Fla. 1964); Davis v. State, 90 So.2d 629 (Fla. 1956); Mayo v. State, 71 So.2d 899 (Fla. 1954); Diaz v. State, 387 So.2d 978 (Fla. 3d DCA 1980), pet. den., 397 So.2d 779 (Fla. 1981); Ferguson v. State, 379 So.2d 163 (Fla. 3d DCA 1980); Wright v. State, 348 So.2d 26 (Fla. 1st DCA 1977), cert. den., 353 So.2d 679 (Fla. 1977); Getsie v. State, 193 So.2d 679 (Fla. 4th DCA 1966), cert. den., 201 So.2d 464 (Fla. 1967); Neveils v. State, 145 So.2d 883 (Fla. 1st DCA 1962). There are abundant similar examples, see, e.g., Jaramillo v. State, 417 So.2d 257 (Fla. 1982); Tibbs v. State, 337 So.2d 788 (Fla. 1976), criticized in Tibbs v. State, 397 So.2d 1120 (Fla. 1981); Solomon v. State, 115 Fla. 310, 156 So. 401 (Fla. 1934); Smith v. State, 239 So.2d 284 (Fla. 2d DCA 1970), quashed, State v. Smith, 249 So.2d 16 (Fla. 1971); Council v. State, 443 So.2d 440 (Fla. 3d DCA 1984); Huggins v. State, 453 So.2d 835 (Fla. 5th DCA 1984).
[3] Tibbs is the subject of a case comment. See Comment, The Sufficiency-Weight Distinction-A Matter of Life or Death, 38 U.Miami L.Rev. 147 (1983).
[4] The majority also states it would affirm this case on the authority of Newberry. That could not have been done originally as Dunn was decided before Newberry. A majority opinion in this case, substantially similar to the preceding portion of this opinion, was issued and published (Dunn v. State, No. 82-566 (Fla. 5th DCA November 10, 1983) [1983 FLW 2693]) before the opinion in Newberry issued but was withdrawn (depublished) to make way for Newberry which was issued December 8, 1983. The original majority opinion in this case, and this specially concurring opinion, follows Bouler v. State, 389 So.2d 1197 (Fla. 5th DCA 1980), and other cases cited herein, in holding that in a circumstantial evidence case, in addition to the determination of the truth of the facts which constitute the basis from which inferences can be drawn, the relative reasonableness, weight (strength) and probability of the alternative inferences of guilt or innocence deductible from the true facts are for the subjective determination of the jury and are not determinable as a matter of law by the court. In this regard Newberry conflicts with Bouler and other cases cited above. Interestingly, the dissent in Council v. State, 443 So.2d 440 (Fla. 3d DCA 1984), erroneously reads Newberry to hold that it is the province of the fact finder to determine the reasonableness of the "hypothesis" of innocence in a circumstantial evidence case.
[5] Inference is the process of thinking (reasoning, or composition of "argument") by which we seek to establish the truth of a certain proposition or conclusion from the truth of other propositions. Logic is the branch of philosophy which attempts to determine when a given proposition, or a group of propositions, permit us to correctly infer some other proposition or conclusion. Logic has two branches: deductive logic and inductive logic. Deductive logic or argument deals with the rules for determining when an argument is valid; that is with reasoning which attempts to establish conclusive or "valid" inferences. On the other hand, inductive logic or argument is not concerned with "valid" or conclusive inferences but is any argument whose premises provide some, but not absolute support for, a conclusion. Therefore, the conclusion of every inductive argument is merely probable, given the truth of the premises (propositions or evidence) upon which it is based. Inductive reasoning is sometimes called "scientific" or "probability" theory or "natural" reasoning, and is concerned with the rational but inconclusive relation between evidence and a conclusion drawn from the evidence. Inductive logic or argument is always involved when reasons (evidence) provides some but not absolute, support for the truth of a given conclusion. It is always involved in the factual aspect of a trial where the objective is to establish the truth as to certain evidentiary propositions and from those propositions to draw or infer a conclusion as to the truth of some ultimate fact, such as the guilt or innocence of the accused in a criminal case. Much of the difficulty with the legal analysis of the difference between the sufficiency of the evidence and the weight of the evidence in a circumstantial evidence case arises from a lack of appreciation for the substantial difference in nature between deductive reasoning, which is usually used to solve legal problems by use of an authoritarian major premise and inductive reasoning which is founded on natural laws relating to cause and effect and the normal association of facts and events in nature and human affairs. Cases involving the degree of probative value of circumstantial evidence, as well as those involving direct evidence, always present inductive arguments, which means that the probability of guilt can never absolutely vanquish the possibility of innocence. The question is not one of ruling on the "reasonableness" of some, specified or unspecified, possibility ("hypothesis") of innocence but whether the total probability of guilt has outweighed the total possibility of innocence sufficiently to remove any reasonable doubt as to guilt. Such inductive arguments are not subject to solution by reference to "precedential authority." The probability theory is formally taught as a part of courses on logic and statistics and mathematics of finance. It is the basis for all insurance, pensions, life annuities, and business forecasting. The reasoning process that induces belief that a future factual event will probably occur is the same process that causes belief that a past factual event has, in fact, occurred. However, the nature of inductive reasoning is intricate and while absolutely essential to an understanding of the nature of proof of facts is peculiarly unknown, and singularly uninteresting, to the legal profession. See the special concurrence in State v. Jones, 417 So.2d 788 (Fla. 5th DCA 1982), particularly note 17.
[6] See, e.g., the cases in note 2, supra.
[7] See, e.g., Peavy v. State, 442 So.2d 200 (Fla. 1983).
[8] See the text and notes in IA Wigmore on Evidence §§ 25 and 26 (Tiller's Rev. 1983), and in IX Wigmore on Evidence §§ 2494-2496 (1940).
[9] Every factual determination presents an inductive argument. Questions of credibility and weight make for an inductive argument even when the evidence is direct and uncontradicted. The numerous cases holding that uncontradicted, unrefuted testimony must be accepted as a matter of law are simply in error. In fact, positive testimony absolutely disbelieved by the fact-finder can itself constitute proof sufficient to convince the fact-finder of the converse or exactly opposite proposition, see, e.g., Witham v. Warren, 427 So.2d 347 (Fla. 1st DCA 1983); Morgan v. State, 303 So.2d 393 (Fla. 2d DCA 1974). Also see supra note 3.
[10] For example, if the probability of guilt is 94% (.94), the possibility of innocence is necessarily 6% (.06) and vice versa. If clear and convincing evidence places the probability of the truth of factual basis for a plaintiff's claim at 75%, there is still a 25% chance or likelihood that the facts are not true. If the greater weight of the evidence (50% plus) supports the plaintiff's claim the reciprocal (50% minus) still support any diametrically opposed possibility.
[11] The term "competent substantial evidence" does not relate to the quality, character, convincing power, probative value or weight of the evidence but refers to the existence of some evidence (quantity) as to each essential element and as to the legality and admissibility of that evidence. Competency of evidence refers to its admissibility under legal rules of evidence. "Substantial" requires that there be some (more than a mere iota or scintilla), real, material, pertinent, and relevant evidence (as distinguished from ethereal, metaphysical, speculative or merely theoretical evidence or hypothetical possibilities) having definite probative value (that is, "tending to prove") as to each essential element of the offense charged.
[12] If there must be a statement as to the rule of reason for the factfinder to use in a criminal circumstantial evidence case it should be: to convince a reasonable person beyond a reasonable doubt of the guilt of a defendant in a criminal case the circumstantial evidence must imply the probability of guilt so strongly as to eliminate every reasonable possibility of innocence. However, there is no need to advise the jury as to every recognized rule of reasoning or as to the catalogue of formally recognized fallacies in reasoning.
[13] Such an exceptional situation exists when a crime has been committed by one person only but the exact same evidence and inferences equally implicates, as the perpetrator, the defendant and another or others. In this instance a motion for judgment of acquittal must be granted or a conviction reversed on appeal. This ruling is not based on any so-called "circumstantial evidence rule," nor does it encroach upon the jury's function of determining the credibility of witnesses, weighing evidence, evaluating the strength of different possible inferences, determining reasonableness or comparing the more convincing force of counterbalancing evidence or inferences, but is merely a recognition that, in this unusual situation, in whatever manner the evidence as to the commission of the crime is viewed, weighed or evaluated by the jury, the evidence as to who is the perpetrator, is exactly balanced and in equipoise and cannot be properly found by the jury to preponderate toward the guilt of the defendant more than toward his innocence, and, therefore, as a matter of law, it does not establish his guilt of the crime to that degree of probability required in criminal cases and contemplated by the phrase "beyond and to the exclusion of every reasonable doubt."