COWART, Judge,
concurring specially:
This case involves the sufficiency of circumstantial evidence.
On the evening of January 13, 1983, someone burglarized a store in St. Augustine, Florida, and stole a brass antique French clock with a tarnished spot on the back and a back door that did not fully open.
Charged and tried, the defendant was acquitted of the burglary of the store but convicted of grand theft of the clock on the testimony of one William Haltiwanger, who *486 testified that on the morning of January 14, 1983, in Jacksonville, Florida, the defendant offered to sell him, for $2,000, a clock of the same description as the one that was stolen.
The defendant testified and admitted that he offered to sell a clock to Haltiwan-ger but denied the burglary and theft and testified that he had bought the clock he offered to Haltiwanger “up north” and that he later sold it to a Doctor Evans in Jacksonville. The stolen clock was never recovered.
Defendant argues on appeal that the trial court erred in denying his motion for a judgment of acquittal because his testimony constituted a reasonable hypothesis of innocence with which the State’s case was not inconsistent.
I concur in an affirmance of defendant’s conviction because the trial judge was correct in declining to rule as a matter of law on the defendant's credibility or the probability of his guilt or the reasonableness of the possibility of his innocence and in submitting those issues to the jury for evaluation and weighing as questions of fact. See Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984); Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983); Bouler v. State, 389 So.2d 1197 (Fla. 5th DCA 1980).