COBB, Judge.
The appellant, Lawrence William Morton, was convicted of one count of unlawful *1000 possession of a controlled substance and one count of use or possession of drug paraphernalia. On appeal he challenges (1) the admission of statements he made at the time of arrest despite a discovery violation by the state, and (2) the finding below of constructive possession of cocaine and drug paraphernalia.
We find no merit in the defense contention that an insufficient Richardson[1] hearing was held, or that the trial court erroneously admitted the adverse statements. But there is merit in the second contention: There was not a sufficient evidentiary basis at trial to support a finding of constructive possession of either cocaine or paraphernalia.
Testimony from arresting officers revealed that on April 5, 1985, the Volusia County Sheriff’s Office received information that Heady and Williams, who were wanted on felony charges in North Carolina, were staying in a motel in Volusia County. Five sheriff’s deputies proceeded to the motel and surrounded the room after checking the description of the men with the desk clerk. The deputies knocked on the front door several times and then announced who they were. Someone inside responded that he was getting dressed and the officers heard the sound of a toilet flushing. At about this time, Morton was seen by the deputies emerging from the rear sliding glass door of the room. Morton'was arrested while other law enforcement personnel entered the room through the open glass door and arrested Heady and Williams. It was at this point that Morton, according to the arresting officers, made statements to the effect that he was there to purchase cocaine. (Morton claimed at trial that he was at the motel to collect money for some car repairs he had done for Heady.)
When the officers entered, they observed a scale on one of the two beds in the room, and a kit for cocaine use. The scale was later proven to contain cocaine residue. On the floor they saw two straws with residue and a glass vial containing almost a gram of cocaine. Inside the bathroom they found Heady kneeling on the floor, and the toilet was flushing. Water was running on the floor. Floating in the water were seven baggies with cocaine residue, an instrument used for processing cocaine, and bundles of cash. A total of $8,311.00 was found in the room, half in the bathroom and half on the bedroom floor. No fingerprints were introduced as evidence. No money, weapons or contraband were found on Morton. The motel room was rented by Heady and Williams.
Based on the facts presented by the state, and resolving all credibility issues in its favor, a reasonable hypothesis is readily apparent: Morton’s attempted purchase of cocaine was interrupted by the police before he acquired possession of the cocaine. See Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983). No evidence was presented by the state to show a completed delivery of cocaine to Morton; no evidence was presented by the state to show that Morton was ever in possession of the motel room or the drug paraphernalia therein. Indeed, the admission by Morton that he came to the motel to buy cocaine, which was introduced by the state, is actually inconsistent with the state’s theory of constructive possession of the room by Morton. It does, however, sustain a conviction for the lesser included offense of attempted possession of cocaine per section 893.-13(l)(e), Florida Statutes (1985). Accordingly, we reverse the felony convictions under both counts and remand for entry of a judgment of guilt of the misdemeanor offense of attempted possession of cocaine under count one, and for resentencing thereon.
REVERSED and REMANDED.
UPCHURCH, C.J., and DAUKSCH, J., concur.

. Richardson v. State, 246 So.2d 771 (Fla.1971).