SHARP, Judge,
dissenting.
S.B., the appellant, was adjudicated delinquent because the trial court found her guilty of breaking and entering with intent to commit a theft. Proof of the intent element of this crime was circumstantial. S.B. and three others (her sister and two male friends) were found in an apartment where they were watching television and talking in normal voices, late at night. Although the apartment had been ransacked and the entrance door broken in, there was no evidence any of the four had done either.
When arrested, the males told the police they had been invited by Garrison, the apartment tenant, to a party there that night. S.B. and her sister testified they received a telephone call from one of the men to stop by and party on their way home after a football game and a fraternity party at the University of Central Florida. The apartment tenant testified that, as far as he knew, S.B. and the other three had not stolen anything from the apartment, although he had not given any of them permission to enter it.[1]
I dissent because the state has not proved the element of illegal entry with intent to commit theft.[2] S.B.’s explanation *40 to the arresting officer of her presence in the apartment, and her conduct there as established by the state’s witnesses, lends itself to a reasonable hypothesis that she entered the apartment to “party” and not with intent to steal. Burglars enter stealthily in the night. They do not turn on the lights, converse in normal voices, play Trivial Pursuit and watch television.
There was a reasonable hypothesis of innocence on S.B.’s part, based on the circumstantial evidence regarding her intent to steal. A circumstantial evidence case should only be submitted to the trier of fact where the record contains competent, substantial evidence susceptible of only one inference, which is clearly inconsistent with the defendant’s hypothesis of innocence, unless that theory is wholly incredible.[3] In my view, that burden has not been met here as to burglary, although it may have been for trespass.

. The Predisposition Report, prepared by H.R.S., indicates the tenant stated (subsequent to the hearing) that he knew one of the men and knew guests were being invited to the apartment.

. The charging document alleged S.B. did, in violation of Florida Statute 810.02(3), enter or remain in a certain structure, to-wit: a dwelling, located in the vicinity of Century 21 Boulevard, in the County and State aforesaid, the property of MAX GARRISON, as owner or custodian thereof, with the intent to *40 commit an offense therein, to-wit: a theft, at a time when the said premises were not open to the public nor was the said entry licensed or invited to enter or remain [sic],

. Fowler v. State, 492 So.2d 1344, 1347 (Fla. 1st DCA 1986); McArthur v. State, 351 5o.2d 972, 976 (Fla.1977), n. 13. Contrast, Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983) (trial court determines whether defense theory is reasonable before submission to a jury).