COWART, Judge,
concurring specially.
When in a criminal case, (1) there is no direct or inferential (circumstantial) evidence as to some essential element of the offense in question, or (2) even when there is adequate evidence that the offense has been committed, but it can have been committed by only one person and the exact same circumstantial evidence as to the identity of the one perpetrator applies equally to implicate the defendant and some other person,[1] a judgment of acquittal must be entered because the evidence is then legally insufficient to support a conviction of the defendant.
When there is competent, substantial circumstantial evidence from which a jury can infer guilt (that is, the jury can infer the existence of all essential elements of some charged criminal offense and that the defendant was the perpetrator) to the exclusion of every reasonable doubt,[2] then the truth of the underlying, evidentiary, impli-cative facts; the strengths and weaknesses of the inferences that can be reasonably drawn from those facts; the reasonableness of any doubt as to guilt (meaning the reasonableness and weight of all possibilities as to, or hypotheses of, innocence); all questions of credibility, including that of the defendant; and the total convincing force and effect of all the evidence in the case, are all for the jury to weigh and consider under the proper jury instructions because these matters go to the weight of the evidence in the case. See Heiney v. State, 447 So.2d 210 (Fla.1984), cert. denied, 469 U.S. 920, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984); State v. Williams, 444 So.2d 13 (Fla.1984); Williams v. State, 437 So.2d 133 (Fla.1983), cert. denied, 466 U.S. 909, 104 S.Ct. 1690, 80 L.Ed.2d 164 (1984); Rose v. State, 425 So.2d 521 (Fla.1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983); In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 595 (Fla.1981), citing with approval Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954); Tibbs v. State, 397 So.2d 1120 (Fla.1981), aff’d., 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982); Herman v. State, 472 So.2d 770 (Fla. 5th DCA 1985), rev. denied, 482 So.2d 348 (Fla.1986); Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984); State v. Stewart, 404 So.2d 185 (Fla. 5th DCA 1981); Teague v. State, 390 So.2d 405 (Fla. 5th DCA 1980); Bouler v. State, 389 So.2d 1197 (Fla. 5th DCA 1980); Lowery v. State, 450 So.2d 587 (Fla. 1st DCA 1984); Knight v. State, 392 So.2d 337 (Fla. 3d DCA 1981), rev. denied, 399 So.2d 1143 (Fla.1981).
*1106 The above attempt to formulate from case law principles of law[3] governing the granting or denying of judgments of acquittal in circumstantial evidence criminal cases are fully explored in the separate opinion in Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984).
The defendant in this case was convicted of violating section 893.13(l)(e), Florida Statutes (1985) which makes it unlawful for any person to be in actual or constructive possession of certain controlled substances (crack cocaine in this case). From the facts in the record and set forth in Judge Sharp’s opinion, the jury could have reasonably believed and found that the defendant was knowingly in actual and conscious possession of the cocaine in question, whether such possession was exclusive or shared with the other occupant of the vehicle. Accordingly, the trial court correctly denied the defendant’s motion for judgment of acquittal. His conviction is properly affirmed with the improperly imposed costs stricken.

. See note 13 to the separate opinion in Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984).

. Of course, any reasonable substantive possibility that the defendant is innocent necessarily constitutes a reasonable doubt as to his guilt. This is why a separate jury instruction as to circumstantial evidence has now been eliminated. (See In re Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla.1981).

. In a system of law rather than of men it is far better to endeavor to conceptualize and articulate principles of law the application of which will tend to obtain similar results in similar cases, than to commission each trial judge to sail on trackless seas without guide, chart, or sextant with general orders to recognize and separate circumstantial evidence cases having adequate ("substantial”) inferential strength from those which do not, an effort more futile than "an ad hoc visceral search for legislative intent". See Barton v. State, 507 So.2d 638, 640 (Fla. 5th DCA 1987).