COBB, J.
Bruce Aaroe was convicted by a jury, pursuant to section 828.12(2), Florida Statutes (1999),[1] of felony cruelty to animals for shooting a cat (Smokey).
The evidence conclusively showed that Aaroe was guilty of the charge for which the jury convicted him. Part of that evidence was in the form of two phone calls Aaroe made to the police station. In the first call he stated:
Yeah I shot him. The son of a bitch got up underneath my trailer and both my dogs are raising all kinds of hell, got me up in the middle of the god damn night.
In the second call Aaroe stated:
Well, that cat is still moving and if you want to get it before it is dead because I’m going to go out there and put another round into it.
Aaroe told the two investigating deputies who came to his home that he had shot the cat with his nine millimeter pistol, and one of the deputies found two shell casings of that caliber at the scene. A veterinarian who treated the cat, which had miraculously survived the shooting, testified that its right eye had been shot out of the socket, its skull had been fractured by the shot, and the cat was in shock and in pain. The veterinarian further testified that there were no injuries to the cat that could have been caused by a dog bite. Aaroe claimed at trial that he shot the cat to put it out of its misery after it had been mauled by his dogs.
After the jury verdict the defense renewed its motion for acquittal. At the hearing, the trial judge stated that he (unlike the jury) was not convinced the cat had been shot, but rather was the victim of the defendant’s dogs — despite the fact that everyone except Smokey himself testified that he had been shot. The trial judge then granted the motion and reduced the conviction to misdemeanor cruelty to animals. The state cross-appeals.[2] Aaroe makes the argument in this court, as he did at trial, that the evidence was insufficient to eliminate a reasonable hypothesis of innocence. We are not persuaded because this argument overlooks the basic fact that this is not a circumstantial evidence case. See Dunn v. State, 454 So.2d 641 (Fla. 5th DCA 1984). Moreover, the evidence of guilt was overwhelming, and there was no reasonable hypothesis of innocence — as the jury correctly determined. We reverse and remand for entry of judgment in accordance with the jury verdict and imposition of sentence for that felony conviction.
REVERSED AND REMANDED.
THOMPSON, C.J. and PLEUS, J., concur.

. That section provides:
A person who intentionally commits an act to any animal which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, is guilty of a felony of the third degree, punishable as provided in s. 775.082 or by a fine of not more than $10,000, or both.

. Aaroe had appealed but took a voluntary dismissal of his appeal.